In the United States District Court for the
Southern District of New York

| | |
|---|---|
| SeanPaul Reyes<br>*Plaintiff*<br><br>v.<br><br>The City of New York,<br>*Defendant* | Case No. 23-cv-6369 |

**STATEMENT PURSUANT TO LOCAL RULE 1.6(a)**

Plaintiff's counsel, LatinoJustice PRLDEF ("LatinoJustice"), submits this statement pursuant to the requirement that it bring to the Court's attention all facts which "are relevant to a determination that said case and one or more pending civil or criminal cases should be heard by the same Judge, in order to avoid unnecessary duplication of judicial effort." S.D.N.Y. Local Rule 1.6(a). This case need not be marked as related to any other, as the relevant facts set forth below make clear.

Multiple cases bear some similarity to the instant case. The core policy challenged in this matter was first articulated in the stipulation of settlement in *An v. City of New York*, 16-cv-5381. And LatinoJustice has set forth its opposition to the Trespass Policy in an amicus brief submitted on behalf of the Public Advocate in *Rodney v. City of New York*, 22-cv-1445 (Doc. 55-1). And multiple pending cases claim violations

of the right to record act in this district (*see, e.g., Torres v. City of New York*, 21-cv-1083, *Guarniere v. City of New York*, 21-cv-1739).

But marking this case as related to any of them will not save judicial resources. *An* challenged the NYPD's overall policy of arresting those who record officers, and *Rodney* contains additional damages allegations. The City has made clear in its filings in *Rodney* that it does not believe that the legality of the Trespass Policy is a core issue in the case. It wrote that "probable cause for plaintiff's arrest existed independent of the policy" because she was arrested for OGA for allegedly blocking the door to a precinct before she attempted to record. (Doc. 64 at 4)

The instant case is the only one in which 1) a plaintiff seeks only injunctive relief, 2) challenging the NYPD's Trespass Policy (as set forth in Administrative Guide Regulation No. 304-21(7)), in which 3) there is no allegation of any violation other than enforcement of the Trespass Policy. This case is the most efficient and straightforward means to test the legality of that policy.

Dated: July 24, 2023

New York, New York

Respectfully Submitted,

　　　　/s/ *Andrew Case*　　　　
Andrew Case
LatinoJustice PRLDEF
475 Riverside Drive
Suite 1901
New York New York
(212) 739-7506
acase@latinojustice.org