# Exhibit 2

# ADMINISTRATIVE GUIDE



| Section: General Regulations | Procedure No: 304-21 |
|---|---|

**WHEN A MEMBER OF THE SERVICE ENCOUNTERS AN INDIVIDUAL OBSERVING, PHOTOGRAPHING, AND/OR RECORDING POLICE ACTIVITY**

| DATE EFFECTIVE: 06/10/21 | LAST REVISION: I.O. 47 | PAGE: 1 of 2 |
|---|---|---|

1. Individuals have a right to lawfully observe and/or record police activity including, but not limited to detentions, searches, arrests or uses of force. The right to lawfully observe and/or record police activity extends to individuals in public places, such as streets, sidewalks, and parks, as well as private property in which the individual has a legal right to be present, such as buildings, lobbies, workplaces or an individual's own property. This right to observe and/or record police action can be limited for reasons such as the safety of officers or other members of the public, or when a violation of law is committed by the individual(s) who are observing/recording. The following guidelines should be utilized by members of the service whenever the above situation exists:

   a. DO NOT:
      (1) Intentionally prevent, or attempt to prevent, an individual from recording police activities,
      (2) Threaten, intimidate, or otherwise discourage an observer from recording police activities,
      (3) Command an individual to cease recording when an individual is authorized to do so under law,
      (4) Stop, seize, search, summons, or arrest an individual solely because such individual recorded police activities,
      (5) Seize property or instruments used by an individual to record police activities,
      (6) Delete or seize recorded images of police activity from an individual's recording device, unless authorized by law, and/or
      (7) Copy a recording of police activity without consent of the individual who made the recording.

   b. Absent additional actions constituting a violation of law, an individual CANNOT be arrested for:
      (1) Taking photographs, videotaping, or making a digital recording,
      (2) Requesting or making note of shield numbers or names of members of the service,
      (3) Criticizing the police or objecting to police activity,
      (4) Refusing to leave the area, and/or
      (5) Using crude or vulgar speech.

2. An arrest for Obstruction of Governmental Administration (Penal Law section 195.05) requires probable cause to believe the person(s) is obstructing governmental administration. Actual interference with the performance of an official police function is required. Interference can include actual physical force (touching or physically interfering with the officer or the suspect, (e.g., using a camera so close to the officer's face that it intentionally obstructs their view), intruding into the physical space necessary to safely perform police operations and refusing to obey an order to move back, or purposefully engaging in passive behavior that prevents an officer from taking enforcement action (e.g., blocking a prisoner van, etc.). Members of the service are required by Administrative Code 14-189 to document instances in which an individual who was recording police activities is arrested or summonsed, as per P.G. 209-03, P.G. 209-09, and P.G. 209-12, by indicating "RTR" for "Right to Record" on the summons.

**NEW • YORK • CITY • POLICE • DEPARTMENT**

# ADMINISTRATIVE GUIDE

| PROCEDURE NUMBER: | DATE EFFECTIVE: | LAST REVISION: | PAGE: |
|---|---|---|---|
| 304-21 | 06/10/21 | I.O. 47 | 2 of 2 |

    3.    This procedure is not intended in any manner to limit the authority of the police to establish police lines (e.g., crowd control at scenes of fires, demonstrations, special events, etc.).

    4.    When probable cause exists that a recording device contains evidence of a crime:
       a.    Inform the observer that there is probable cause to believe that the recording contains evidence of a crime,
       b.    Request consent to view the recording in a manner that elicits a clear "yes" or "no" response. If possible, use Body-Worn Camera to record request and the individual's response. If consent is given, it may be possible for the individual to email the recording directly to the member of the service's Department-issued smartphone,
       c.    If the observer refuses to give consent, inform them that a search warrant for the device will be requested. Inform the observer that deletion of the content of the recording may be considered tampering with physical evidence in violation of Penal Law section 215.40,
       d.    If the member of the service reasonably believes that the observer will delete the recording, obtain approval from a supervisor to seize the device if feasible (or obtain approval from a supervisor either before or immediately after seizing a device). Seize the device only for the time necessary to secure a warrant,
       e.    Do not view or delete the recording,
       f.    Obtain a search warrant, and
       g.    If there is probable cause to believe that an exigency exists and that the recording contains evidence of a crime, contact a supervisor to determine whether review of the recording absent a warrant is permitted.

    5.    A supervisor must be requested to respond where an observer is arrested for interference with police action or where the contents of a recording device are believed to contain evidence of a crime.

    6.    Members of the service may contact the Legal Bureau if they have any questions regarding an arrest for Obstruction of Governmental Administration or the seizure of a recording device that may contain evidence of a crime.

    7.    Members of the public are not allowed to photograph and/or record police activity within Department facilities. Members of the service may order any member of the public who is photographing or recording within Department facilities to stop such activity. If such person refuses to stop, they then should be ordered to leave the premises. If such person refuses to leave the premises, members of the service may take proper enforcement action under the trespass statutes (i.e., Penal Law sections 140.05 and 140.10).

**NEW • YORK • CITY • POLICE • DEPARTMENT**