Case No. 23-cv-6369

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

SEANPAUL REYES,
*Plaintiff*,

v.

THE CITY OF NEW YORK,
*Defendant.*

## ON PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION

Marc Stout's Amicus Curiae Brief in Support of The City of New York

By:

Marc Joseph Stout
Amicus Curiae
30 Willow Branch Place
Fredericksburg, VA 22405
(540) 370-6980
frauditorsexposed@gmail.com

Date 07/30/2023

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SEANPAUL REYES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 23-cv-6369 |
| THE CITY OF NEW YORK, | ) ) ) |
| Defendant. | ) ) |

## I.   CORPORATE DISCLOSURE STATEMENT

Stout is an individual and not a corporation.

## II.   TABLE OF CONTENTS

Corporate Disclosure Statement..................................................................................1

Table of Contents........................................................................................................1

Table of Authorities....................................................................................................1

Identity of Amicus Curiae; Interest in Case; Source of Authority..............................1

Rule 29(a)(4)(E) Statement..........................................................................................3

Argument.....................................................................................................................3

Certificate of Compliance............................................................................................6

## III.   TABLE OF AUTHORITIES

*Stout v. Mischou*, U.S. Dist., E.D.V.A., Case No. 1:20-cv-00147, Dkt. 18 (2021)

*Commonwealth v. Bradley*, 232 A.3d 747, 2020

*People v. Stiegler*, 2021 Ill. App. 200880 (Ill. App. Ct. 2021)

## IV.   IDENTITY OF AMICUS CURIAE; INTEREST IN THE CASE; SOURCE OF AUTHORITY

1

The amicus curiae is Marc Joseph Stout, an individual.

Stout has a Youtube channel, Frauditors Exposed, that features unflattering livestreams and videos about individuals who enter onto government building property to film in purposeful violation of building policy prohibiting or restricting filming, individuals professing to be "sovereign citizens/First Amendment auditors."

Stout shares information with government agencies and employees about the public forum doctrine and that clearly establishes that government building properties, including police station properties, are non public forums, that individuals do not have a right to film in non public forums, and that policies and ordinances prohibiting or restricting filming in non public forums are reasonable.

Stout has submitted legal memorandums to prosecutors and city councils. Prosecutors have submitted Stout's legal memorandums to the courts to convict sovereign citizens/First Amendment auditors. Sheridan, CO, and Easley, SC city councils adopted Stout's legal memorandums as a source of authority to enact ordinances declaring government building properties non-public forums and prohibiting filming therein.

Stout has successfully litigated many pro-se civil-rights cases, filming cases that produced case-law in Stout's favor before settling.

Stout, a retired street activist, has an interest in furthering and advancing the right to record police activity in traditional public forums - streets, sidewalks, plazas, and parks, and an interest in demonstrating that individuals who enter onto government building property to film in purposeful violation of building policy prohibiting or restricting filming are nothing more than common criminals engaging in wiretapping, harassment, stalking, trespassing, and other crimes, to manufacture content for Youtube videos.

The outcome of this case determines whether or not NYPD's police precinct lobbies are non-public forums, and whether or not individuals have a right to film in non-public forums. If this court rules that individuals have the right to film in NYPD's police precinct lobbies, individuals who already film police activity in traditional public forums will gravitate away from that risk and towards filming unsuspecting administrative, technical, and clerical workers because it's much easier and safer to make government staff employees uncomfortable for Youtube content than it is to find and film police activity for a cause.

If this court rules that individuals have the right to record in NYPD's police precinct lobbies, individuals who decided that filming police activity in traditional public forums was too risky, or individuals who were previously undecided, will now decide to film government staff employees in police stations and other government buildings because filming government staff employees is the path of least resistance and the employees are low-hanging fruit.

Stout's source of authority to file is Federal Rule of Appellate Procedure's Rule 29(a)(2).

## VI.   RULE 29(a)(4)(E) STATEMENT

An attorney did not author this amicus curiae brief in whole or in part. Stout, an individual and non-attorney, authored this amicus curiae brief in whole. Stout did not contribute money that was intended to fund the preparation or submission of this brief. No other person contributed money that was intended to fund the preparation or submission of this brief.

## VII.   ARGUMENT -
**NYPD Precinct Lobbies Are Not Designated Public Forums, but Non Public Forums; Individuals Do Not Have a Right to Film in Non Public Forums**

Reyes' attorney contends that "at the very least, these" NYPD police precinct "lobbies are designated public forums—places that have been opened to the public specifically for a public purpose." Dkt. 7, p. 14.

3

In *Stout v. Mischou*, U.S. Dist., E.D.V.A., Case No. 1:20-cv-00147, Dkt. 18 (2021), the court ruled that "Plaintiffs' characterization of the" police station's sidewalk "as a 'public sidewalk' that was 'designated for public access' constitutes a legal conclusion that need not be accepted."

"It is not clear that the" sidewalk "area just outside of the security gate of the police parking lot at the police station is a 'place[ ] which by long tradition or by government fiat ha[s] been devoted to assembly and debate, the rights of the state to limit expressive activity are sharply circumscribed.' *Perry Educ. Ass'n*, 460 U.S. at 45." *Stout v. Mischou*, U.S. Dist., E.D.V.A., Case No. 1:20-cv-00147, Dkt. 18 (2021). *See also Commonwealth v. Bradley*, 232 A.3d 747, 2020; *People v. Stiegler*, 2021 Ill. App. 200880 (Ill. App. Ct. 2021).

If individuals do not have a right to film from a police station's outdoor sidewalk, then they certainly do not have a right to film from the police station's indoor lobby.

Reyes' attorney contends that NYPD police precinct lobbies "share little with government waiting rooms that have been found to be nonpublic forums, i.e., interior rooms designated for appointments." Dkt. 7, p. 14. The NYPD is a government agency, and NYPD precinct lobbies are waiting areas, therefore, NYPD police station lobbies share everything in common with, and are, non-public forums.

Reyes' attorney contends that *Glik v. Cunniffe*, 655 F.3d 78, 82 (1st Cir. 2011), *Fields v. City of Phila.*, 862 F.3d 353, 356 (3d Cir. 2017), *Turner v. Driver*, 848 F.3d 678, 690 (5th Cir. 2017) *ACLU of Ill. v. Alvarez*, 679 F.3d 583, 597 (7th Cir. 2012), *Fordyce v. City of Seattle*, 55 F.3d 436, 439 (9th Cir. 1995), and *Smith v. City of Cumming*, 212 F.3d 1332, 1333 (11th Cir. 2000) establish that "recording the police is protected First Amendment activity. While the Second Circuit has not yet been presented with this question, other circuits have uniformly held

4

that the First Amendment encompasses recording the police, and none thinks the question is close." Dkt. 7, p. 12.

The cases cited by Reyes' attorney establish that individuals have a right to record police officers and police activity in "public," not in non public or limited public. There are four "publics," traditional public, designated public, limited public, and non public. "Public" is short for, and interchangeable with, traditional public. Furthermore, the Plaintiffs to all of the cases cited by Reyes' attorney were filming from a traditional public forum - a street, sidewalk, plaza, or park.

The cases cited by Reyes' attorney do not establish that individuals have the right to film wherever there are police officers or there is police activity, but that where individuals have the right to film police officers and police activity - in traditional public forums - police officers may not invoke their governmental status or the nature of the police activity to prohibit individuals from filming.

Reyes attorney contends that New York State's and New York City's Right to Record Acts state that "'[a] person not under arrest or in the custody of a law enforcement official has the right to record law enforcement activity.'" Dkt. 7, p. 19.

However, New York State's Right to Record Act further states that "nothing in this subdivision shall be construed to permit a person to engage in actions that physically interfere with law enforcement activity or otherwise constitute a crime defined in the penal law involving obstructing governmental administration," and New York City's Right to Record Act further states that "nothing in this chapter shall be construed to permit a person to engage in actions that physically interfere with an official and lawful police function, …or to prohibit any officer from enforcing any other provision of law," including provisions of trespassing and obstructing laws.

5

## VIII.   CERTIFICATE OF COMPLIANCE

Stout certifies that this document complies with Federal Rules of Appellate Procedure Rule 32(g)(1) and that this document is 1407 words.

Submitted,

*[signature]*

Marc Joseph Stout
Amicus Curiae
30 Willow Branch Place
Fredericksburg, VA 22405
(540) 370-6980
frauditorsexposed@gmail.com

Date 07/30/23

**CERTIFICATE OF SERVICE**

I hereby certify that on July 30, 2023, I emailed a copy of this document to the Plaintiff's attorney at:

Andrew Case
LatinoJustice PRLDEF
475 Riverside Drive
Suite 1901
New York New York
(212) 739-7506
acase@latinojustice.org

Submitted,

Marc Joseph Stout
Amicus Curiae
30 Willow Branch Place
Fredericksburg, VA 22405
(540) 370-6980
frauditorsexposed@gmail.com

Date 07/30/23

7