

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 Church Street
NEW YORK, NY 10007

Gregory Musso
*Assistant Corporation Counsel*
Phone: (212) 356-3159
Fax: (212) 356-3509
gmusso@law.nyc.gov

November 3, 2023

**BY ECF**
Honorable Jessica G.L. Clarke
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    SeanPaul Reyes v. City of New York *et al.,*
                23-CV-6369 (JGLB)

Your Honor,

      I am an Assistant Corporation Counsel in the Office of Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, and the attorney for defendant City of New York in the above-referenced action. Pursuant to Rule 8(a) of the Federal Rules of Appellate Procedure ("Fed. R. App. P.") and Rules 62(c) and (d) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), defendant writes to respectfully request that this Court stay the preliminary injunction of the New York Police Department ("NYPD") Administrative Guide Procedure No. 304-21 and the order to remove any signs supporting this procedure pending appeal, or, in the alternative, grant a temporary stay of the injunction for 7 days to permit the City to seek a further stay from the Second Circuit. At a minimum, defendants respectfully request a 14 day period, until November 17, 2023, for the City to implement the injunctive measures set forth in the Court's Order. With respect to defendant's last request, plaintiff's counsel, Andrew Case, consents in part[1].

---

[1] Plaintiff's counsel requested that the following information be provided to the Court regarding plaintiff's position with respect to the request for two-weeks to implement the injunctive measures: "Plaintiff was prepared to consent to a two-week stay provided an exception was carved out on November 3, 2023 in the 75th precinct for Mr. Reyes to file a complaint and document that process. Plaintiff opposes a two-week stay with no carveout but would consent to a two-week stay that permitted him to exercise his right to record in the lobby of the 75th precinct on November 3, 2023."

1

By way of background, on November 2, 2023, the Court issued an Opinion and Order (the "Order") granting plaintiff's request for a preliminary injunction of NYPD Administrative Guide Procedure No. 304-21(7)[2] and removal of any signs inconsistent with said injunction. See Docket Entry No. 28, Opinion and Order. Earlier today, November 3, 2023, defendant City filed a Notice of Appeal of that Order. See Docket Entry #30, Notice of Interlocutory Appeal. In light of the above, defendant City now moves pursuant to Fed. R. App. P. Rule 8(a)(1) for a stay pending appeal.

When deciding a motion for a stay under Rule 8, the Court should consider: (1) likelihood of success on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether the other party will be irreparably injured by the stay; and (4) where the public interest lies. See, e.g., Hilton v. Braunskill, 481 U.S. 770 (1987); United States SEC v. Citigroup Global Mkts., Inc., 673 F.3d 158 (2d Cir. 2012). These factors are considered "somewhat like a sliding scale" with the required chance of success on the merits inversely proportional to the strength of the equities for a stay. Thapa v. Gonzales, 460 F.Supp. 323, 334 (2d Cir. 2006).

Here, defendant meets the standard for a stay pending appeal. First, defendant is likely to succeed on the merits with respect to plaintiff's Right to Record Acts (RTRAs) claim. Nothing in the statute indicates that it was intended to supersede longstanding background principles of state law regarding property and trespass. Under those principles, the NYPD has authority, as a proprietor of its own facilities, to impose conditions of entry that safeguard security and privacy within those facilities. And the legislative history and social context of the RTRAs confirm that these statutes were enacted with very different kinds of law enforcement activities in mind, such as arrests, use of force, and similar activities on the City's streets, sidewalks, and other public places. The RTRAs merely codified a pre-existing policy of the NYPD that allowed civilians to record the police during such encounters—and that same policy itself already recognized the NYPD's proprietary authority to prohibit recording within its own premises. See Complaint, Exh. B. Nothing in the laws purported to displace that aspect—or any aspect—of the NYPD's pre-existing policy. And there are compelling reasons for NYPD to exercise its proprietary authority as it has, as Your Honor recognized in correctly rejecting plaintiff's First Amendment claim. Victims of crimes, confidential informants and others enter precinct lobbies for a variety of reasons, including to report crimes or receive emergency services, and they expect a reasonable degree freedom from intimidation, threats or harassment. Moreover, because the RTRAs' application to police precinct lobbies is a question of first impression, this Court should stay its injunction and maintain the status quo pending the Second Circuit's resolution of these novel issues.

Moreover, given defendant's likelihood to succeed on the merits as explained above, the implementation of the injunction, which is not a simple task, would ultimately be in vain and any determinations issued during the pendency of appeal might be inconsistent with those issued before and after. The implementation of this injunction requires the NYPD, an extremely large organization consisting of at least 34,000 uniformed officers, more than 77 precincts and other commands, and the housing and transit divisions, to immediately convey to the entire police force the contours of the order as well as physical removal of signage in every single command. The

---

[2] "Members of the public are not allowed to photograph and/or record police activity within Department facilities." See Administrative Guide 304-21(7)

implementation of this task cannot be completed overnight, and will be similarly complicated to reinstate in the likelihood of defendant's success.

Second, defendant will suffer irreparable harm absent a stay. As noted in the Court's Order, there are numerous privacy, safety and security concerns encountered by the NYPD in the face of individuals being permitted to record inside precinct stationhouses. See Decision and Order at 20-21. These concerns not only apply to members of the NYPD inside stationhouses but also to members of the public who go to a precinct or other NYPD command to report a crime or otherwise. The stay is necessary here because the privacy rights of the individuals reporting to a precinct or otherwise will no longer exist, and any information they provide while there may now be recorded and could be subject to publication. Although video recording on the sidewalk outside the precinct is permitted in many circumstances, the confines of a police precinct is where discussions of criminal complaints and information pertaining to investigations are usually conducted. The effect of this injunction would no longer permit such privacy within the vestibule of a police precinct and instead, in order to initiate assistance, a private conference area would likely be required for members of the public to report such information to the police when in the vestibule of the precinct.

Third, plaintiff will not suffer irreparable harm if the NYPD's procedure is enforced during this litigation. Any such harm that occurs during the pendency of this litigation can be compensated with money damages, which both the State and City RTRAs allow. See N.Y. Civil Rights L. § 79-p(3)(c); N.Y.C. Admin. Code § 14-189(c)(3). Plaintiff's pleadings and motion papers are devoid of any explanation as to how being prevented from recording at a precinct *now*—instead of waiting until final judgment—will irreparably injure him in a way that damages could not rectify. Notably, plaintiff, in his motion papers, relied exclusively on a presumption of irreparable harm based on a constitutional injury. *See* Pl.'s Mem. In Supp., ECF No. 7, at 21-22; Pl.'s Reply, ECF No. 23, at 4-5. But that argument no longer holds water in light of Your Honor's correct conclusion that his First Amendment claim is unlikely to succeed. See Decision and Order at 21.

Fourth, the public interest lies with defendant City. As the Order acknowledges, the purpose of the relevant code is for privacy, safety and security.  See Decision and order at 14-21. Although the Court ultimately granted plaintiff the preliminary injunction, defendant steadfastly maintains that the privacy, safety and security concerns prevail over plaintiff's alleged harm. See Decision and Order at 26. If recording within the precinct vestibules is permitted, the public interest is clearly not served. Moreover, given plaintiff's clear intent to distribute any such recordings across multiple social media platforms and the capacity of his social media following, which includes approximately 500,000 YouTube subscribers and 1 million subscribers across all platforms, with approximately 20 million views each month[3], the privacy and security interests and rights of the public are now void.  In fact, plaintiff has already published a livestream recording on his YouTube website since the Court issued this injunction.  Although information regarding police activity and discourse on this issue should be accessible, the benefit gained in discourse over procedures which take place inside a precinct is minute compared the risks to privacy and security.

---

[3] Order at p. 2.

For these reasons, defendant City respectfully requests that the Court stay the preliminary injunction and the order to remove any signs supporting this procedure pending appeal, or, in the alternative, grant a temporary stay of the injunction for 7 days to permit the City to seek leave from the Second Circuit.

To the extent the Court is not inclined to grant either of the above requests, defendant City respectfully requests two (2) weeks, until November 17, 2023, to implement the requirements of the Court's Order. As noted above, due to the vast size of the NYPD and the practical challenges with immediately implementing such changes, additional time is needed to effect such change.

Defendant City thanks the Court for its consideration herein.

Respectfully Submitted

/s/ *Gregory Musso*
Gregory Musso
*Senior Counsel*
New York City Law Dept.

**By ECF**
CC:   *All Attorneys of notice*