

**THE CITY OF NEW YORK**

**LAW DEPARTMENT**

100 Church Street
NEW YORK, NY 10007

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

**Gregory Musso**
*Assistant Corporation Counsel*
Phone: (212) 356-3159
Fax: (212) 356-3509
gmusso@law.nyc.gov

November 6, 2023

**BY ECF**
Honorable Jessica G.L. Clarke
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

     Re: SeanPaul Reyes v. City of New York *et al.,*
        23-CV-6369 (JGLC)

Your Honor,

   I am an Assistant Corporation Counsel in the Office of Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, and the attorney for defendant City of New York in the above-referenced action. In accordance with the Court's November 3, 2023 Order, Defendant writes in response to plaintiff's November 3, 2023 letter, which provided a proposed plan to implement the injunctive measures set forth in the Court's November 2, 2023 Order at Docket Entry No. 28, 33. In addition, for the reasons set forth below, defendant City writes to respectfully request, to the extent implementation of the injunctive relief set forth in the Court's November 3, 2023 is required, a 48-hour time period to begin such implementation, commencing when the Second Circuit either denies defendant's forthcoming application for an administrative stay or denies defendant's forthcoming application for a stay pending appeal, whichever is earlier.

   By way of background, on November 2, 2023, the Court issued an Opinion and Order (the "Order") granting plaintiff's request for a preliminary injunction of NYPD Administrative Guide Procedure No. 304-21(7)[1] and removal of any signs inconsistent with said injunction. See Docket Entry No. 28, Opinion and Order. On November 3, 2023, defendant requested, and the Court granted, two weeks to implement the necessary measures to comply with the Order.[2] See Docket

---

[1] "Members of the public are not allowed to photograph and/or record police activity within Department facilities." See Administrative Guide 304-21(7)

[2] Defendant City also requested a stay pending an appeal of the Court's November 2, 2023 Order, however, and requested at least two weeks to implement the Order should the Court deny the stay pending appeal.

Entry No. 31 & 32, Motion for Stay, Order. That same day, on November 3, 2023, plaintiff submitted a proposed plan for defendant to implement the injunctive relief set forth in the Court's November 2, 2023 Order. See Docket Entry No. 33, Request for Implementation Plan.

As a preliminary matter, and as noted in defendant's November 2, 2023 application for a stay, defendant City currently anticipates moving in the Second Circuit tomorrow, on November 7, 2023, for an administrative stay and a stay pending appeal of the Order. Given defendant City's anticipated stay motion, defendant City respectfully requests that this Court stay the commencement of any implementation plan until 48 hours after the Second Circuit either denies the City's application for an administrative stay or denies the City's application for a stay pending appeal, whichever is earlier. It should only be a brief period before the Second Circuit issues a decision on the administrative stay. Should defendant be required to implement a plan prior to any such decision, it could potentially require the NYPD to undo all such implementation measures taken to that point. Similarly, to the extent the Second Circuit grants defendant's administrative stay, but denies defendants stay pending interlocutory appeal, defendant City requests the same relief – 48 hours from the date of the decision to implement any such plan.

With respect to any such implementation plan, defendant City respectfully submits the following proposed plan to implement the measures set forth in the Court's November 2, 2023 Order, should the Second Circuit deny an administrative stay and/or stay pending appeal:

- Within 48 hours of any such order, the NYPD will distribute a message via the FINEST messaging system, as set forth below in sum and substance, to all members of service of the NYPD in their email inbox;
- Within 48 hours of any such order, that same FINEST message would be read at each roll call (roll calls occur three times a day), for a period of 10 consecutive days.

A draft of the FINEST message to be conveyed is as follows:

> *On November 2, 2023 a Judge in the Southern District of New York granted a preliminary injunction barring the enforcement of Administrative Guide Procedure No. 304-21, Paragraph 7, which prohibited members of the public from recording police activity within Department facilities.*
>
> *At this time, members of the public may record within the publicly accessible areas of Department facilities and they may not be directed to leave a publicly accessible area of a Department facility solely because they are recording.*
>
> *Members of the public who are recording may be directed to move if they are engaging in actions that physically interfere with law enforcement activity. They also may be directed to leave a facility due to conduct, other than recording, that violates the law.*
>
> *Pursuant to this decision, commands are hereby directed to immediately remove all signs posted within police facilities that warn members of the public against recording.*

*Any questions regarding these changes to guidelines may be directed to the Legal Bureau at ------------.*

*To be read at ten (10) consecutive roll calls.*

Following the distribution of this message, the NYPD anticipates that all signage not in compliance with the Court's Order will be covered up or removed within three (3) days of the first message being distributed. As the Court is aware, the NYPD is an extremely large organization consisting of at least 34,000 uniformed officers, more than 77 precincts and other commands, and the housing and transit divisions. Upon information and belief, this method of implementation should provide notice to all members of the service and provide sufficient time for all related signs to be removed.

For the reasons set forth above, defendant City respectfully requests that this Court stay any such implementation until 48 hours after any such decision by the Second Circuit denying defendant City's request for an administrative stay or stay pending appeal, whichever is earlier. Defendant City thanks the Court for its consideration herein.

Respectfully Submitted

/s/ *Gregory Musso*
Gregory Musso
*Senior Counsel*
New York City Law Dept.

**By ECF**
CC:   *All Attorneys of notice*