UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANDREW B SHEETS,

    Plaintiff,

v.                                       Case No.:  2:23-cv-35-JLB-KCD

PETER BELL,

    Defendant.
_____/

## ORDER

Plaintiff Andrew Sheets, proceeding pro se, sues Judge Peter Bell for violating his constitutional rights by presiding over a misdemeanor case in Charlotte County and placing Plaintiff on probation. (Docs. 1, 2.) Judge Bell moved to dismiss, raising judicial immunity and Eleventh Amendment immunity. (Doc. 10.) Judge Bell also argues the Court should abstain from hearing this matter under the *Younger* abstention doctrine because the misdemeanor case is currently pending in state court.[1] (Docs. 48, 67.)

Judge Bell now seeks an order protecting him from all discovery obligations pending a decision on the motion to dismiss. (Doc. 16.) Plaintiff objects, arguing that the entry of a protective order would violate his due

---

[1] Under the *Younger* abstention doctrine, a federal court may not interfere with or enjoin (1) a criminal prosecution; (2) a civil proceeding akin to a criminal prosecution; or (3) a civil proceeding involving orders "uniquely in furtherance of the state [court's] ability to perform [its] judicial function." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 73 (2013).

process and his right to a fair trial. (Doc. 18.) He also asserts that a motion to dismiss should not be granted until he can conduct discovery and that he needs discovery to oppose summary judgment. (*Id.*)

A district court has broad discretion to stay proceedings "as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). Where a pending motion may dispose of the entire action, as here, granting a stay of discovery can be justified. *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997) ("Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins.").[2] "In deciding whether to stay discovery pending resolution of a motion to dismiss, the court must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Koock v. Sugar & Felsenthal, LLP*, No. 8:09-CV-609-T-17EAJ, 2009 WL 2579307, at *2 (M.D. Fla. Aug. 19, 2009). This necessarily entails taking a "preliminary peek" at the merits of the motion to dismiss. *Feldman v. Flood*, 176 F.R.D. 651, 652-53 (M.D. Fla. 1997).

Relevant here, the Eleventh Circuit has repeatedly recognized that claims of immunity often call for protection from discovery on the grounds that

---

[2] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

subjecting officials to traditional discovery concerning acts for which they are likely immune would undercut the protection immunity was meant to afford. *See Blinco v. Green Tree Servicing, LLC*, 366 F.3d 1249, 1252 (11th Cir. 2004) ("The defense of sovereign or qualified immunity protects government officials not only from having to stand trial, but from having to bear the burdens attendant to litigation, including pretrial discovery."); *Redford v. Gwinnett Cnty. Jud. Cir.*, 350 F. App'x 341, 346 (11th Cir. 2009) (same); *Overcash v. Shelnutt*, 753 F. App'x 741, 746 (11th Cir. 2018) ("The very purpose of the immunity defenses raised by the judicial and officer defendants is to protect them from having to bear the burdens attendant to litigation."); *see also Howe v. City of Enter.*, 861 F.3d 1300, 1302 (11th Cir. 2017) (finding the trial court abused its discretion when it ordered the defendant to participate in a Rule 26(b) conference and submit a joint discovery plan because a potentially immune defendant should not be subject to litigation "beyond the point at which immunity is asserted").

Here, a "preliminary peek" at the motion to dismiss reveals that a stay pending resolution of these matters is warranted. Judge Bell asserts immunity defenses, which raise serious questions regarding the viability of the complaint that must be resolved before Judge Bell is burdened with discovery and other pretrial obligations. If the Court finds that Judge Bell is entitled to immunity, or it should otherwise abstain because of the ongoing criminal proceedings, the

motion to dismiss will dispose of Plaintiff's entire case. These are exactly the circumstances where a stay is appropriate.

Plaintiff's arguments concerning the need for discovery pending a decision on the motion to dismiss does not sway the Court to break step with the Eleventh Circuit. Plaintiff's due process objections are likewise unfounded, as Plaintiff had the opportunity to be heard in response to the motion to dismiss and did so without the aid of discovery. (Doc. 11.) Finally, Defendant has not yet moved for summary judgment, and when ruling on a motion to dismiss, the Court considers only the complaint and any other judicially noticed facts. Discovery is simply not necessary for the Court to decide the issues now before it.

Accordingly, it is hereby **ORDERED**:

Defendant's Motion for Protective Order (Doc. 16) is **GRANTED**. Discovery and the requirements of Federal Rule of Civil Procedure 16 are **stayed** pending a decision on whether this case will be dismissed. The Clerk is directed to add a stay flag to the docket.

**ORDERED** in Fort Myers, Florida on March 17, 2023.

Kyle C. Dudek
United States Magistrate Judge

Copies:  All Parties of Record