



**THE CITY OF NEW YORK**

**LAW DEPARTMENT**

100 Church Street
NEW YORK, NY 10007

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

**Gregory Musso**
Phone: (212) 356-3159
Email: gmusso@law.nyc.gov
*Assistant Corporation Counsel*

November 17, 2023

**BY ECF**
Honorable Jessica G.L. Clarke
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:     SeanPaul Reyes v. City of New York,
          23-CV-6369 (VSB)

Your Honor,

I am an Assistant Corporation Counsel in the Office of Hon. Sylvia O Hinds-Radix, Corporation Counsel of the City of New York, and the attorney for defendant City of New York in the above-referenced action. In that capacity, and for the reasons discussed more fully below, Defendant City writes to respectfully request permission to file a belated response to the Complaint and that the Court refrain from entering default judgment against the City. To the extent the Court is inclined to grant the within request, Defendant City can file its answer immediately after the Court's decision is issued on this request. Plaintiff's counsel, Andrew Case, does not consent to this request.

I.      **Procedural Background**

As Your Honor may recall, and as pointed out in Your Honor's November 2, 2023 Decision and Order, Defendant City's response to the complaint was due on August 29, 2023, and Defendant has not yet submitted such a response. See Docket Entry No. 28, Opinion and Order, November 2, 2023, at 21, footnote 2. First and foremost, the undersigned sincerely apologizes for failing to submit Defendant City's response to the complaint in a timely manner.

By way of relevant background, on July 24, 2023, Plaintiff filed the instant complaint. See Docket Entry No. 1, Complaint. Immediately thereafter, on July 25, 2023, Plaintiff filed a Motion for a Preliminary Injunction, and briefing of that motion quickly followed. See Docket Entry No. 6, Motion for Preliminary Injunction. At the time, the undersigned mistakenly believed that the Motion for Preliminary Injunction created a stay of the answer while the motion was being briefed and argued. The undersigned sincerely apologizes for the error and inconvenience to the Court,

1

Plaintiff's counsel, and Plaintiff. The undersigned will be sure to more closely review the Federal Rules of Civil Procedure in the future.

On November 9, 2023, following the Court's November 2 Decision and Order, the undersigned contacted Plaintiff's counsel to discuss the City's failure to timely submit an answer and request plaintiff's consent to seek leave to file it belatedly. Ultimately, Plaintiff consented to an extension of time to file the answer provided that the answer was submitted by November 15, 2023. The undersigned, however, did not adequately prepare for such a filing by November 15th. On November 16th, the undersigned contacted Plaintiff's counsel again by email and requested his consent until November 20th for the City to file its answer; in that correspondence, I also informed counsel that Defendant City intended to first submit a letter to Your Honor requesting permission to file the City's answer late. In response, Plaintiff's counsel stated that he did not consent and, that same day, submitted a Proposed Certificate of Default. See ECF No. 43. Once again, the undersigned apologizes for not filing a timely response to the complaint and for any inconvenience this has caused. Defendant City respectfully requests that the Court deny Plaintiff's request for default and grant Defendant City's request to belatedly submit its answer to the complaint.

## II.    **Standard of review**

Rule 55 permits entry of a default judgment against a party that has failed to plead or otherwise defend itself in an action. Fed. R. Civ. P. 55(a). Once a party has applied for and been granted a certificate of default by the clerk of the court, they may move for entry of default judgment. Fed. R. Civ. P. 55(a)-(b)(2). However, "[a] plaintiff is not entitled to a default judgment as a matter of right." Francis v. City of N.Y., No. 15-CV-7997 (VSB) (KHP), 2019 U.S. Dist. LEXIS 197034, at *10 (S.D.N.Y. Nov. 12, 2019 (citing Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund, 779 F.3d 182, 187 (2d Cir. 2015). "[T]he plaintiff bears the burden to demonstrate that its uncontroverted allegations are sufficient to establish the defendant's liability on each asserted cause of action." Francis, 2019 U.S. Dist. LEXIS 197034, at *10 (citing Bricklayers, 779 F.3d at 187). A Court must "analyze the allegations in the Complaint to determine if the elements of each claim for which Plaintiff seeks damages have been adequately pleaded for purposes of establishing liability." Francis, 2019 U.S. Dist. LEXIS 197034, at *11 (citing Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981)).

Additionally, pursuant to Federal Rule of Civil Procedure 55(c), the court may set aside an entry of default for good cause. In deciding a motion to vacate a default, "the district court is to be guided principally by three factors: (1) whether the default was willful, (2) whether the defendant demonstrates the existence of a meritorious defense, and (3) whether, and to what extent, vacating the default will cause the nondefaulting party prejudice." Dudley v. Pendagrass, No. 06-CV-216 (RJD) (LB), 2008 U.S. Dist. LEXIS 124356, at *6-7 (E.D.N.Y. Aug. 14, 2008) (citing S.E.C. v. McNulty, 137 F.3d 732, 738 (2d Cir. 1998)). Defaults are generally disfavored and should be reserved for rare occasions. Percasky v. Galaxiworld.com Ltd., 249 F.3d 167, 174 (2d Cir. 2001). In addition to considering these three factors, courts also consider "other relevant equitable" factors, such as whether a defendant was represented by counsel at the time of the default, and whether the entry of default judgment would bring about a harsh result. See Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 96-7 (2d Cir. 1993).

The Second Circuit has consistently expressed a preference that litigation disputes be resolved on the merits rather than by default. See, e.g., Cody v. Mello, 59 F.3d 13, 15 (2d Cir. 1995) (holding that "[d]ismissal is a harsh remedy to be utilized only in extreme situations"); Securities & Exchange Comm'n v. Management Dynamics, Inc., 515 F.2d 801, 814 (2d Cir. 1975) (citation omitted) (emphasizing that "the sanction of judgment by default…is the most severe sanction which the court may apply, and its use must be tempered by the careful exercise of judicial discretion to assure that its imposition is merited"); Traguth v. Zuck, 710 F.2d 90, 94 (2d Cir. 1983) (citations and internal quotations omitted) (highlighting that the "narrow scope of the district court's discretion stems from strong policies favoring the resolution of genuine disputes on their merits"); Meehan v. Snow, 652 F.2d 274, 277 (2d Cir. 1981) (stating that "[w]hile courts are entitled to enforce compliance with the time limits of the Rules by various means, the extreme sanction of a default judgment must remain a weapon of last, rather than first, resort.")  Because entry of defaults are generally disfavored and are reserved for rare occasions, courts in the Second Circuit have held that when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party and in favor of trial on the merits.  Enron, 10 F.3d at 95-6. Based on the standard of review, Defendant City, respectfully requests that the Court not refer this matter to the Court clerk to enter a default judgment against the City.

### III.    Defendant Can Demonstrate Good Cause

An entry of a default would not be appropriate as good cause can be shown to set aside any default by defendants.  "For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." Fed. R. Civ. P. 55(c).  "Because Rule 55(c) does not define the term 'good cause,' [the Second Circuit] [has] established three criteria that must be assessed in order to decide whether to relieve a party from default or from a default judgment.  These widely accepted factors are: (1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented."  Enron, 10 F.3d at 96.  "Other relevant equitable factors may also be considered, for instance, whether the failure to follow a rule of procedure was a mistake made in good faith and whether the entry of default would bring about a harsh or unfair result.  Id. (citing Sony Corp. v. Elm State Elecs., Inc., 800 F.2d 317, 320 (2d Cir. 1986)."  For the purposes of a motion for relief from default, "all doubts must be resolved in favor of trial on the merits."  Enron, 10 F.3d at 98.

Here, good cause exists to relieve defendant City from any default.  As an initial matter, in relation to the first factor set forth in Enron, any default by defendant was not willful here. As explained above, the undersigned mistakenly believed that the response to the Complaint was stayed due to the Motion for Preliminary Injunction.  See Trs. of Plumbers & Steamfitters Local Union No. 22 Joint Apprenticeship Training Trust Fund v. Rossman, No. 19-CV-00414 (LJV), 2020 U.S. Dist. LEXIS 159836, at *5 (W.D.N.Y. Sep. 1, 2020) ("Willfulness encompasses conduct that is more than merely negligent or careless and is appropriate where the conduct of counsel or the litigant was egregious and was not satisfactorily explained.") (quoting S.E.C. v. McNulty, 137 F.3d 732, 738 (2d Cir. 1998) (internal quotation marks omitted)).

Further, plaintiff will not be prejudiced if any default is set aside, as doing so would not "result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion."  Robinson v. Sanctuary Music, 383 Fed. Appx. 54, 58 (2d

Cir. 2010) (citing <u>Davis v. Musler</u>, 713 F.2d 907, 913 (2d Cir. 1983).  Moreover, as the Court is aware, given Plaintiff's Motion for a Preliminary Injunction and the briefing that has followed, the parties have been actively litigating this case since its inception. Nonetheless, even to the extent that setting aside any default in this case may cause delay, the City notes that "delay alone is not a sufficient basis for establishing prejudice."  <u>Davis</u>, 713 F.2d at 913.

As to the third factor described in <u>Enron</u>, defendant submits that it too counsels the setting aside of any default.  "To establish a meritorious defense, a defendant need not prove the defense conclusively.  Rather, the defendant need only present some evidence of facts that, if proven at trial, would constitute a complete defense. A defense is meritorious if it is good at law so as to give the factfinder some determination to make." <u>Dacas v. Duhaney</u>, No. 17-CV-03568 (ILG)(SMG), 2019 U.S. Dist. LEXIS 194060, at **12–13 (E.D.N.Y. Oct. 15, 2019) (internal quotations and citations omitted).  Here, as articulated in Defendant's Response to Plaintiff's Motion for Preliminary Injunction, the following hearing, Your Honor's November 2 Decision and Order, the briefing that is commencing in the Second Circuit,  Defendant City has meritorious defenses to Plaintiff's claims. Accordingly, good cause exists to set aside any default.

Defendant City of New York, now respectfully requests permission to file a belated answer to the Complaint and that the Court vacate Plaintiff's proposed certificate of default. To the extent the Court is inclined to grant this request, Defendant can be prepared to file its answer to the complaint immediately after the Court's decision on this request. Once again, the undersigned sincerely apologizes for the delay in moving this case forward and failing to respond to the Complaint in a timely manner.

Thank you for your consideration herein.

Respectfully Submitted

/s/  *Gregory Musso*
Gregory Musso
*Senior Counsel*
New York City Law Dept.

**By ECF**
CC:    *All Attorneys of notice*

Defendant is directed to file its answer to the Complaint today, **November 21, 2023.**

SO ORDERED.

JESSICA G. L. CLARKE
United States District Judge

Dated: November 21, 2023
   New York, New York

4