UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X

SEANPAUL REYES,

                              Plaintiff,

     - against -

THE CITY OF NEW YORK,

                             Defendants.

**AMENDED ANSWER TO COMPLAINT BY DEFENDANT CITY OF NEW YORK**

23-CV-6369

**Jury Trial Demanded**

------------------------------------------------------------------- X

        Defendant City of New York, by its attorney Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, for its amended answer[1] to plaintiff's Complaint, dated July 24, 2023, respectfully alleges, upon information and belief, as follows:

        1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "1" of the Complaint.

        2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "2" of the Complaint, except admit that, upon information and belief, a YouTube channel under the name "Long Island Audit" exists and appears to depict Plaintiff.

        3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "3" of the Complaint, except admits that plaintiff purports to bring this action as stated therein.

        4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "4" of the Complaint.

---

[1] Defendant City of New York filed its original answer to the complaint on November 21, 2023.

5. Denies the allegations set forth in paragraph "5" of the Complaint, except admits that upon information and belief, Plaintiff was present at the Sixty-First Precinct on April 4, 2023 and ultimately lawfully arrested.

6. Denies the allegations set forth in paragraph "6" of the Complaint.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the Complaint, except admits that plaintiff purports to bring this action as stated therein; defendant further denies that the policy at issue is illegal.

8. Denies the allegations set forth in paragraph "8" of the Complaint, except admits that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

9. Denies the allegations set forth in paragraph "9" of the Complaint, except admits that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

10. Denies the allegations set forth in paragraph "10" of the Complaint, except admits that plaintiff purports to base venue as stated therein.

11. Denies the allegations set forth in paragraph "11" of the Complaint, except admits that plaintiff purports to bring this action as stated therein.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the Complaint.

13. Denies the allegations set forth in paragraph "13" of the Complaint, except admits that the City of New York is a municipality organized pursuant to the laws of the State of New York and that it maintains a police department.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the Complaint.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the Complaint.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the Complaint.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the Complaint, except admits that, upon information and belief, a YouTube channel with the moniker "Long Island Audit" exists.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the Complaint, and further respectfully refers the Court to the materials cited therein for an accurate recitation of the information contained therein.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the Complaint, and further respectfully refers the Court to the materials cited therein for an accurate recitation of the information contained therein.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the Complaint, and further respectfully refers the Court to the materials cited therein for an accurate recitation of the information contained therein.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the Complaint, and further respectfully refers the Court to the materials cited therein for an accurate recitation of the information contained therein.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the Complaint, and further respectfully refers the Court to the materials cited therein for an accurate recitation of the information contained therein.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the Complaint.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the Complaint, and further respectfully refers the Court to the materials cited therein for an accurate recitation of the information contained therein.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the Complaint, and further respectfully refers the Court to the materials cited therein for an accurate recitation of the information contained therein.

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the Complaint, and further respectfully refers the Court to the materials cited therein for an accurate recitation of the information contained therein.

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the Complaint, and further respectfully refers the Court to the materials cited therein for an accurate recitation of the information contained therein.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the Complaint, and further respectfully refers the Court to the materials cited therein for an accurate recitation of the information contained therein.

29. Denies the allegations set forth in paragraph "29" of the Complaint, and further respectfully refers the Court to the materials cited therein for an accurate recitation of the information contained therein.

30. Denies the allegations set forth in paragraph "30" of the Complaint.

31. Denies the allegations set forth in paragraph "31" of the Complaint.

32. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "32" of the Complaint, and further respectfully refers the Court to the materials cited therein for an accurate recitation of the information contained therein.

33. Denies the truth of the allegations set forth in paragraph "33" of the Complaint, and further respectfully refers the Court to the case identified therein for an accurate recitation of the information contained therein.

34. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "34" of the Complaint.

35. Respectfully refers the Court to the materials cited therein for an accurate recitation of the information contained therein.

36. Respectfully refers the Court to the materials cited therein for an accurate recitation of the information contained therein.

37. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "37" of the Complaint.

38. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "38" of the Complaint, and further respectfully refers the Court to the materials cited therein for an accurate recitation of the information contained therein.

39. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "39" of the Complaint, and further respectfully refers the Court to the materials cited therein for an accurate recitation of the information contained therein.

40. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "40" of the Complaint, except admits that NYPD precincts may contain signs prohibiting members of the public from audio or video recording within the facility.

41. Denies the allegations set forth in paragraph "41" of the Complaint.

42. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "42" of the Complaint, except admits that the Citywide Administrative Procedure Act exists.

43. Denies the allegations set forth in paragraph "43" of the Complaint.

44. Denies the allegations set forth in paragraph "44" of the Complaint, and respectfully refers the Court to the case cited therein for an accurate recitation of the information contained therein.

45. Denies the allegations set forth in paragraph "45" of the Complaint, and respectfully refers the Court to the materials cited therein for an accurate recitation of the information contained therein.

46. Denies the allegations set forth in paragraph "46" of the Complaint

47. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "47" of the Complaint, and respectfully refers the Court to the materials cited therein for an accurate recitation of the information contained therein.

48. Admits that in paragraph "48" of the Complaint, Plaintiff quotes N.Y.C. Administrative Code § 14-189(b).

49. Denies the allegations set forth in paragraph "49" of the Complaint.

50. Admits only that the NYPD codified Administrative Guide Procedure 304-21(7).

51. Denies the allegations set forth in paragraph "51" of the Complaint.

52. Denies the allegations set forth in paragraph "52" of the Complaint, and respectfully refers the Court to materials cited therein for an accurate recitation of the information contained therein.

53. Denies the allegations set forth in paragraph "53" of the Complaint.

54. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "54" of the Complaint, and respectfully refers the Court to the materials cited therein for an accurate recitation of the information contained therein.

55. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "55" of the Complaint, and further respectfully refers the

Court to the materials cited therein for an accurate recitation of the information contained therein.

56. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "56" of the Complaint.

57. Denies the allegations set forth in paragraph "57" of the Complaint.

58. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "58" of the Complaint, and respectfully refers the Court to the materials cited therein for an accurate recitation of the information contained therein.

59. Denies the allegations set forth in paragraph "59" of the Complaint.

60. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "60" of the Complaint.

61. Denies the allegations set forth in paragraph "61" of the Complaint.

62. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "62" of the Complaint, and further respectfully refers the Court to the materials cited therein for an accurate recitation of the information contained therein.

63. Denies the allegations set forth in paragraph "63" of the Complaint, except admits that, on or about April 4, 2023, plaintiff entered the vestibule of the 61st NYPD precinct.

64. Denies the allegations set forth in paragraph "64" of the Complaint.

65. Denies the allegations set forth in paragraph "65" of the Complaint, except admits that, on or about April 4, 2023, Sergeant Korchimet communicated with plaintiff inside the 61st Precinct vestibule and otherwise.

66. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "66" of the Complaint, except admits that on April 4, 2023, in the vestibule of the 61st Precinct, Sgt Korchimet approached Plaintiff and stated to the effect that Plaintiff could not record while inside the precinct and attempted to continue speaking with Plaintiff outside the vestibule.

67. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "67" of the Complaint, except admits that after Plaintiff refused to leave the vestibule, Sgt Korchimet stated to the effect that Plaintiff cannot record video inside the precinct.

68. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "68" of the Complaint, except admits that on April 4, 2023, Police Officer Cucuzza stated to Plaintiff to the effect that Plaintiff cannot record inside the Precinct and would have to leave, and provided his name and badge number to Plaintiff.

69. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "69" of the Complaint, except admits that on April 4, 2023, PO Cucuzza referred Plaintiff to a sign and informed Plaintiff to stop recording.

70. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "70" of the Complaint, except admits that PO Cucuzaa and Sgt Korchimet requested that Plaintiff stop recording or else he would be arrested.

71. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "71" of the Complaint.

72. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "72" of the Complaint, except admits that on April 4 2023, Plaintiff was arrested.

73. Denies the allegations set forth in paragraph "73" of the Complaint, except admits that Plaintiff was arrested at the Sixty-First Precinct on April 4, 2023.

74. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "74" of the Complaint, except admits that the Desk Appearance Ticket that plaintiff was issued that day charged him with a violation of New York Penal Law Section 104.50.

75. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "75" of the Complaint, except admits that, upon information and belief, that a letter dated May 10, 2023, from the District Attorney's Office indicates that plaintiff's April 4, 2023, arrest was declined to prosecute.

76. Denies the allegations set forth in paragraph "76" of the Complaint.

77. Denies the allegations set forth in paragraph "77" of the Complaint.

78. Denies the allegations set forth in paragraph "78" of the Complaint.

79. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "79" of the Complaint, except admits that, upon information and belief, on June 1, 2023, plaintiff was arrested.

80. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "80" of the complaint, except admits that plaintiff purports to seek the relief stated therein.

81. Denies the allegations set forth in paragraph "81" of the Complaint.

82. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "82" of the Complaint.

83. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "83" of the Complaint.

84. Denies the allegations set forth in paragraph "84" of the Complaint.

85. Denies the allegations set forth in paragraph "85" of the Complaint.

86. Denies the allegations set forth in paragraph "86" of the Complaint.

87. In response to the allegations set forth in paragraph "87" of the Complaint, Defendant repeats and realleges the response set forth in the preceding paragraphs of this answer, as if fully set forth herein.

88. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "88" of the Complaint.

89. Admits only that the NYPD Administrative Guide includes Procedure No. 304-21.

90. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "90" of the complaint, except admits only that the NYPD Administrative Guide contains Procedure No. 304-021(7) and that the NYPD Patrol Guide contains Procedure No.203-29(7).

91. Denies the allegations set forth in paragraph "91" of the Complaint.

92. Denies knowledge and information sufficient to form a belief as to the truth the allegations set forth in paragraph "92" of the Complaint.

93. Denies the allegations set forth in paragraph "93" of the Complaint.

94. Denies the allegations set forth in paragraph "94" of the Complaint.

95. Denies the allegations set forth in paragraph "95" of the Complaint.

96. Denies the allegations set forth in paragraph "96" of the Complaint.

97. Denies the allegations set forth in paragraph "97" of the Complaint.

98. Denies the allegations set forth in paragraph "98" of the Complaint.

99. Denies the allegations set forth in paragraph "99" of the Complaint.

100. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "100" of the Complaint.

101. Denies the allegations set forth in paragraph "101" of the Complaint, except admit that, on April 4, 2023, plaintiff was lawfully arrested.

102. Denies the allegations set forth in paragraph "102" of the Complaint.

103. Denies the allegations set forth in paragraph "103" of the Complaint.

104. In response to the allegations set forth in paragraph "104" of the Complaint, Defendant repeats and realleges the response set forth in the preceding paragraphs of this answer, as if fully set forth herein.

105. Denies the allegations set forth in paragraph "105" of the Complaint.

106. Denies the allegations set forth in paragraph "106" of the Complaint.

107. Denies the allegations set forth in paragraph "107" of the Complaint.

108. Denies the allegations set forth in paragraph "108" of the Complaint.

109. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "109" of the Complaint, and further states that the allegations concerning whether PO Cucuzza and Sgt. Korchimet were "acting within the scope of their official duties and were state actors acting under color of law" are legal conclusions to which no response is required.

110. Denies the allegations set forth in paragraph "110" of the Complaint.

111. Denies the allegations set forth in paragraph "111" of the Complaint.

112. In response to the allegations set forth in paragraph "112" of the Complaint, Defendant repeats and realleges the response set forth in the preceding paragraphs of this answer, as if fully set forth herein.

113. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "113" of the Complaint.

114. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "114" of the Complaint.

115. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "115" of the Complaint.

116. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "116" of the Complaint.

117. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "117" of the Complaint.

118. Admits only that Administrative Guide Procedure No. 304-021(7) exists.

119. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "119" of the Complaint.

120. Denies the allegations set forth in paragraph "120" of the Complaint.

121. In response to the allegations set forth in paragraph "121" of the Complaint, Defendant repeats and realleges the response set forth in the preceding paragraphs of this answer, as if fully set forth herein.

122. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "122" of the Complaint.

123. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "123" of the Complaint.

124. Denies the allegations set forth in paragraph "124" of the Complaint.

125. In response to the allegations set forth in paragraph "125" of the Complaint, Defendant repeats and realleges the response set forth in the preceding paragraphs of this answer, as if fully set forth herein.

126. Denies the allegations set forth in paragraph "126" of the Complaint, except admits that plaintiff purports to bring this action as stated therein.

127. Denies the allegations set forth in paragraph "127" of the Complaint.

128. Denies the allegations set forth in paragraph "128" of the Complaint.

129. Denies the allegations set forth in paragraph "129" of the Complaint.

130. Denies the allegations set forth in paragraph "130" of the Complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE:**

131. The Complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE:**

132. Defendant City of New York has not violated any rights, privileges, or immunities under the Constitution or laws of the United States, the State of New York, or any political subdivision thereof; nor have defendants violated any act of Congress providing for the protection of civil rights.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE:**

133. At all times relevant to the acts alleged in the Complaint, the duties and functions of the municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant City is entitled to governmental immunity from liability.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

134. There was probable cause for plaintiff's arrest, detention, and prosecution.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

135. The Complaint fails to state a *Monell* claim upon which relief can be granted.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

136. This Court should not exercise jurisdiction over plaintiff's state law claims.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

137. Plaintiff's claim under the City Administrative Procedure Act is untimely.

**WHEREFORE,** defendant City of New York requests judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: December 11, 2023
      New York, New York

                                      HON. SYLVIA O. HINDS-RADIX
                                      Corporation Counsel of the City of New York
                                      *Attorney for Defendant City of New York*
                                      100 Church Street, Room 3-213
                                      New York, NY 10007
                                      T: (212) 356-3159
                                      E: gmusso@law.nyc.gov

                                      By:      /s/_____
                                                Gregory Musso
                                                *Assistant Corporation Counsel*

TO:    **VIA ECF**
          *All attorneys of notice.*