

Lourdes M. Rosado
**President and General Counsel**

January 10, 2024

The Hon. Jessica G. L. Clarke
United States District Court
Southern District of New York
500 Pearl Street, Room 1040
New York, NY 10007

<u>**Via ECF**</u>

Re:   Letter Opposition to Defendants' Fourth Letter Motion for an Extension
*Reyes v. City of New York*, 23-cv-6369

Dear Judge Clarke,

      Just three weeks after a scheduling conference during which multiple deadlines were extended at its request, Defendant moves for more time to fulfil its basic obligations. This case was filed on July 24 and the motion for a preliminary injunction was filed the next day. (Docs. 1, 6.) Defendant has sought three extensions so far, all of which have been granted (Docs. 13, 18, and 46.)[1] Defendant did not file an answer until threatened with a default judgment, nearly five months after the case was filed and more than six weeks after the Court had politely informed Defendant of its failure. (Doc. 28 at 21 n.1.)

      Defendant claims that it needs this extra time because Plaintiff is planning to follow the agreed-upon schedule and file an answer by January 22. Plaintiff disclosed to Defendant (and the Court) the nature of the proposed amendment during the scheduling conference – adding an additional legal claim under the Fourth Amendment. The amendment involves no additional facts that would impact Defendant's ability to serve its initial disclosures.

---

[1] Defendant falsely claims that this is its first request for an extension. (Doc. 61 at 2.)

**NEW YORK OFFICE** | 475 Riverside Drive, Suite 1901 New York, NY 10115 | D: 212.219.3360 G: 800.328.2322
**SOUTHEAST REGIONAL OFFICE** | 523 West Colonial Drive Orlando, FL 32804 | D: 321.250.2853
**SOUTHWEST REGIONAL OFFICE** | 611 South Congress Ave STE: 450D Congress Square II Austin, TX 78704 | D: 512-649-9129
latinojustice.org



Defendant appears to suggest that requiring initial disclosures to be served before an amended complaint is filed is unusual. But complaints are regularly amended after initial disclosures are served, as this court's standard Civil Case Management Plan confirms. *See* Civil Case Management Plan and Scheduling Order for the Honorable Jessica G. L. Clarke at 5 (setting a target date of fourteen days after the pretrial conference to serve initial disclosures) and 6 (setting the date for amending a pleading at thirty days after the pretrial conference).

Plaintiff therefore opposes extending any of the agreed-upon deadlines in the scheduling order.

In addition to seeking an extension to its discovery deadlines, Defendant seeks an extension to file the letter the Court asked it to submit by January 18. Plaintiff takes no position on this letter but notes that Defendant has mischaracterized the Court's request. At the scheduling conference, the court asked that 1) Defendant address the jury demand that it included in both versions of the answer it filed (Docs. 50, 52) and that the parties jointly respond to the Court's suggestion that they participate in alternative dispute resolution. Defendant fails to address the jury demand that it filed and instead discusses a potential future motion for an advisory jury. Defendant does not address the Court's request for it to state whether it would be amenable to alternative dispute resolution.

Plaintiff takes no position on Defendant's request regarding the January 18 letter. If Defendant does not withdraw its jury demand, Plaintiff will move to strike it. Plaintiff is amenable to the Court's invitation to participate in ADR.

For the reasons stated above, Plaintiff opposes moving any discovery deadlines and takes no position on moving the deadline for the January 18 letter.

Sincerely,

  /s/ *Andrew Case*
Andrew Case
LatinoJustice PRLDEF
475 Riverside Drive #1901
New York, NY 10115
212-739-7506