



**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**MARK D. ZUCKERMAN**
Senior Counsel
E-mail: mzuckerm@law.nyc.gov
Phone: (212) 356-3519
Fax: (212) 788-9776

January 10, 2024

**VIA ECF**
The Honorable Jessica G.L. Clarke
United States District Judge
Southern District of New York
500 Pearl St.
New York, NY 10007

Re:  <u>SeanPaul Reyes v. City of New York</u>, 23 Civ. 6369 (JGLC)

Your Honor:

I am a Senior Counsel in the office of the Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, representing defendant City of New York (the "City") in the above-referenced matter.  We write to respectfully request that three deadlines be extended in light of plaintiff's Notice of Intent to file an amended complaint on or by January 22, 2024 at Docket 60 herein.[1]  Plaintiff objects to each of the City's requests.

First, the City seeks to extend its time from January 18, 2024 to January 29, 2024 to inform the Court whether it will seek a trial with an advisory trial in this matter.  Rule 39(c)(1), Fed. R. Civ. P., states as follows:  "In an action not triable of right by a jury, the court, on motion or on its own: may try any issue with an advisory jury…."  As we informed Mr. Case today, if plaintiff was proceeding with the existing Complaint, the City would not be making a

---

[1] Separate from plaintiff's filing at Docket 60, by email, and in response to our seeking plaintiff's consent to the requests made in this letter, plaintiff's counsel earlier today informed us that plaintiff "will be amending the complaint to add a Fourth Amendment <u>Monell</u> claim under the theory that arrests conducted pursuant to the Trespass Policy lack probable cause and therefore constitute a policy of unlawful seizure."  Mr. Case also informed us that he will continue to only seek equitable relief in this matter.

motion for a trial with an advisory jury in accordance with Rule 39(c)(1). However, obviously, we cannot make the same representation yet as to plaintiff's proposed amended complaint without seeing what the amendment is and entails. Since plaintiff has until January 22, 2024 to file an amended complaint pursuant to the Case Management Order in this case, the City respectfully requests until January 29, 2024, to inform the Court whether it will move to seek a trial with an advisory jury as to the anticipated amendment.

Second, the City respectfully requests that the date for Initial Disclosures be extended from January 18, 2024 to February 8, 2024 in light of the impending amendment. Under the present Case Management Order, initial disclosures would have to be served before the amended complaint is even filed. This is not in the interest of judicial economy, and quite frankly is prejudicial to the City, given that the City would have to serve initial disclosures without the benefit of even seeing the amended pleading, which could obviously bear on its disclosures.

Third, in light of the City's proposed February 8, 2024 date for Initial Disclosures, the City requests that initial discovery demands (interrogatories, document requests and requests for admission) be due on February 15, 2024, instead of February 3, 2024 (a Saturday), so that each side's Initial Disclosures could be considered before making the discovery requests, and to avoid the duplication of effort in the interest of judicial economy.

This is the first such request.

Thank you for your consideration herein.

Respectfully submitted,

/s/  Mark D. Zuckerman

Mark D. Zuckerman
Senior Counsel

cc:     All Counsel (via ECF)

Application GRANTED. Defendant shall inform the Court regarding its position as to a jury by **January 29, 2024**, initial disclosures shall be due **February 8, 2024** and initial discovery demands shall be due **February 15, 2024**. The Clerk of Court is directed to terminate ECF No. 61.

SO ORDERED.

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge

Dated: January 12, 2024
       New York, New York

2