

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

THE CITY OF NEW YORK
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**MARK D. ZUCKERMAN**
Senior Counsel
E-mail: mzuckerm@law.nyc.gov
Phone: (212) 356-3519
Fax: (212) 788-9776

February 22, 2024

**VIA ECF**
The Honorable Jessica G.L. Clarke
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:  SeanPaul Reyes v. The City of New York, 23 Civ. 6369 (JGLC)

Your Honor:

I am a Senior Counsel in the office of the Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, representing defendant City of New York (the "City") in the above referenced matter.  We write to respectfully request that discovery be stayed pending the outcome of the City's pending motion to dismiss plaintiff's First Amended Complaint.  Plaintiff opposes the City's application.

District courts have the discretion to stay discovery for good cause pursuant to Rule 26(c) pending the outcome of a dispositive motion.  Trustees of The New York City Dist. Council of Carpenters Pension Fund v. Showtime on the Piers LLC, 19 Civ. 7755 (VEC), 2019 U.S. Dist. LEXIS 223677, at *3 (S.D.N.Y. Dec. 19, 2010) (internal citations omitted).  In determining whether to stay discovery, district courts consider the following factors: (1) whether defendant has made a strong showing that plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay.  Id. (internal citations omitted).  A stay of discovery is appropriate where the motion appears to have substantial grounds or does not appear to be without legal foundation.  Johnson v. N.Y. Univ. Sch. of Educ., 205 F.R.D. 433, 434 (S.D.N.Y. 2002).

First, as set forth in its motion to dismiss plaintiff's Amended Complaint with prejudice, the City's motion to dismiss is strong, and if granted in its entirety, would be fully dispositive of plaintiff's claims herein.  As the Court is aware, plaintiff seeks injunctive relief in connection with his allegations that the City has violated his First Amendment and Fourth Amendment rights in connection with his desire to audio and video record in the lobbies of NYPD police facilities, as well as pursuant to the State and City Right to Record Acts.  As more

fully set forth in its Memorandum of Law in support of its motion to dismiss (Docket 75), the City's arguments in support of dismissal are quite strong.  Consistent with the Court's decision on plaintiff's application for a preliminary injunction as to his First Amendment claims, the NYPD's subject Facilities Policy is a reasonable viewpoint-neutral regulation in a limited or non-public forum.  (Docket 75, at pp. 7-13)  Further, since plaintiff does not have a First Amendment right to record in the lobbies of NYPD facilities, his First Amendment retaliation claim fails as well.  (Docket 75, at pp. 13-14)  Knowing that his First Amendment claims are likely to fail, plaintiff has concocted a Fourth Amendment claim that should also fail as it is nothing but an improper conduit to convert his state and local law claims into a federal claim.  (Docket 75, pp. 14-19)  Plaintiff's Fourth Amendment claim also fails for the additional reason that there was probable cause for his subject arrest, which defeats a Fourth Amendment claim.  (Docket 75, pp. 15-19)  As such, all of plaintiff's federal claims are likely to fail upon the City's motion to dismiss.

Though the City is mindful that the Court found in favor of plaintiff on his state and local law claims upon his application for a preliminary injunction, the Court did not have the benefit of all of the meritorious arguments that the City has presented in its pending motion to dismiss, and the Court's preliminary injunction order has now been stayed by the Second Circuit.  Plaintiff's state and local law claims fail for a number of reasons as more fully set forth in the City's Memorandum of Law in support of motion to dismiss at Docket 75.  First, the Court should decline supplemental jurisdiction over plaintiff's state and local law claims.  (Docket 75, pp. 19-23)  Second, should the Court reach the merits of plaintiff's state and local law claims, these claims still fail.  Initially, the SRTRA and CRTRA did not intend to displace the City's common law proprietorship rights.  (Docket 75, at pp. 24-26)  Further, the legislative histories of the SRTRA and CRTRA indicate that the legislative intent behind the Acts was to codify the pre-existing common law right to record, and not to create a new right.  (Docket 75, at pp. 26-29)  Finally, plaintiff physically interfered with police official functions immediately preceding his subject arrest.  (Docket 75, at p. 29)  Plaintiff's CAPA claim fails as well for the reasons set forth in the City's Memorandum of Law at pp. 29-31 based on officers' discretion.  Thus, the City has made a strong showing that plaintiff's claims are unmeritorious and the first prong of the three part test that the court should consider on this application for a stay is met.

Second, a stay would benefit both sides by avoiding the burden and expense of burdensome discovery that may well prove unnecessary.  See Integrated Sys. & Power v. Honeywell Int'l, 09 Civ. 5874 (RPP), 2009 U.S. Dist. LEXIS 78476, at *4 (S.D.N.Y. Sept. 1, 2009) (granting stay of discovery to potentially "avoid the need for costly and time-consuming discovery") (quoting In re Term Commodities Cotton Futures Litig., 12 Civ. 5126 (ALC)(KNF), 2013 U.S. Dist. LEXIS 65797, at *23 (S.D.N.Y. May 8, 2013)); Chesney v. Valley Stream Union Free Sch. Dist. No. 25, 05 Civ. 5105 (DRH) (ETB), 2006 U.S. Dist. Lexis 22417, at *7-8 (E.D.N.Y. Mar. 28, 2006) (concluding that it would be "unreasonable and inappropriate to set a discovery schedule, as compliance with discovery would result in a substantial diversion of public resources, and that, by awaiting a decision on the motion, the areas of discovery might be substantially reduced, if not eliminated).  If the City's motion is granted, no discovery at all will be necessary.  At the very least, obtaining a decision on the City's motion to dismiss will reduce the amount of necessary discovery by eliminating non-meritorious claims.

Plaintiff has now served his initial interrogatories (Ex. A hereto), Requests for Production of Documents (Ex. B hereto) and Requests for Admission (Ex. C hereto), most of which purportedly relate to plaintiff's federal First Amendment claim on which the Court declined to find a likelihood of success in its preliminary injunction decision.  Responses by the City are due on or by March 18, 2024.  Even the most cursory reading of plaintiff's discovery requests demonstrates the undue burden and disproportionality thereof (particularly plaintiff's requests for production of documents), as well as the irrelevance of much of it.  It is not even in good faith.  Document Requests 29 and 30 are good examples of this, as plaintiff apparently wants to relitigate in discovery the broader issue of the right to record police activities beyond police facility lobbies, and which was litigated in the extensively litigated An case described in plaintiff's amended complaint and the City's motion to dismiss.  Document Requests 35 and 36 are other good examples of plaintiff's bad faith, as he seeks virtually every document generated at the 61st and 75th Precincts for one year periods of time (and this is despite plaintiff averring in his amended complaint at ¶79 that his arrest at the 75th Pct. is not a basis of his claims herein). Should this motion for a stay be denied, the burden of responding to it and the necessary litigation to resolve discovery disputes would clearly outweigh any benefit to it at this stage of the proceedings given the City's motion to dismiss (as well as its pending appeal of the Court's preliminary injunction decision).  Plaintiff's discovery requests are beyond the pale and the second factor in the three prong test that the Court should consider upon the City's application for a stay clearly favors the relief that the City seeks.

Third, there is no prejudice to plaintiff if a stay is granted.  A delay alone does not constitute prejudice.  See Davis v. Musler, 713 F.2d 907, 916 (2d Cir. 1983).  In any event, any delay is greatly outweighed by the substantial burden of discovery that would be avoided if the City's motion to dismiss is granted.  Even if it is granted in part, much of the discovery that plaintiff would argue for would be eliminated.

Further, the proceedings that are presently ongoing before the Second Circuit also weigh in favor of a stay.  As the Court is aware, the Court's preliminary injunction order was stayed by the Second Circuit, which is still in effect.  The City is appealing the Court's preliminary injunction decision and order and the City has now filed its opening brief in support of its appeal.  (Ex. D hereto)  So, the Second Circuit is certainly going to further weigh in on the issues which underly plaintiff's claims, and probably not that far into the future.  Given the breadth of plaintiff's discovery demands, and their unduly burdensome nature, in light of the City's motion to dismiss, the City respectfully requests that discovery be stayed for the additional reason it makes sense to obtain additional guidance from the Second Circuit before further discovery proceeds in this case.

Thank you for your consideration herein.

Respectfully submitted,

/s/ Mark D. Zuckerman
Mark D. Zuckerman

3

cc:     All counsel (via ECF)