**In the United States District Court**
**For the Southern District of New York**

SeanPaul Reyes
*Plaintiff*

v.

The City of New York,
*Defendant*

Case No. 23-cv-6369

**PLAINTIFF'S FIRST SET OF INTERROGATORIES**
**TO DEFENDANT THE CITY OF NEW YORK**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Southern District of New York Local Rules 26.3 and 33.3, Plaintiff, through undersigned counsel, propounds Plaintiff's First Set of Interrogatories to Defendant The City of New York (the "Interrogatories") and requests that the Defendant answer each separately, fully and under oath within thirty (30) days of service pursuant to Rule 36 of the Federal Rules of Civil Procedure. Defendant's response is to be made to all counsel of record for Plaintiff by electronic mail.

**Instructions**

1. To the extent that documents are produced in lieu of answering any of these Interrogatories, please produce such documents as kept in the ordinary course of business, see Fed. R. Civ. P. 34, and without any rearrangement. In addition, please provide the documents in such a way that they can be correlated to the Interrogatory or Interrogatories to which the documents are responsive and identify the Bates number for all such documents in your Interrogatory response.

2. You are under a continuous obligation to supplement your answers to these Interrogatories under the circumstances specified in Federal Rule of Civil Procedure 26(e).

3. Each Interrogatory shall be answered on the basis of Defendant's entire knowledge, from all sources, after an appropriate and good faith inquiry has been made and a search has been conducted.

4. If Defendant has any good faith objection to any Interrogatory or any part thereof, Defendant shall explain the objection in detail, the specific nature of the objection, and whether it applies to the entire Interrogatory or to a part of the Interrogatory. If there is an objection to any part of an Interrogatory, then the part objected to should be identified and the remaining unobjectionable part should be answered.

5. Please provide the responses to these interrogatories by electronic mail to all counsel for Plaintiff.

6. Unless otherwise stated in a specific request, the Interrogatories apply from July 6, 2016 (the date of the filing of the Complaint in *An v. City of New York*) and are ongoing (the "Relevant Period").

**Definitions**

1. All terms used in these requests shall have the broadest meaning accorded to them under the Federal Rules of Civil Procedure.

2. The terms "communication," "document," "identify," "parties," "person," and "concerning" shall use the definitions set forth in Local Rule 26.3(c).

3. The rules of construction for singular and plural forms and for the terms "all," "any," "each," "and," and "or," shall comply with Local Rule 26.3(d).

4. The term "including," as used herein, shall mean "including without limitation" and "including, but not limited to."

5. "NYPD" means the New York City Police Department.

6. The "061" or "061 Precinct" refers to the NYPD's Sixty-First Precinct located at 2575 Coney Island Avenue, Brooklyn, NY. The "061 Incident" refers to Plaintiff's arrest for recording at the 061 Precinct on April 4, 2023.

7. The "075" or "075 Precinct" refers to the NYPD's Seventy-Fifth Precinct located at 1000 Sutter Avenue, Brooklyn, NY. The "075 Incident" refers to Plaintiff's arrest for recording at the 075 Precinct on June 1, 2023.

8. "Sgt. Korchimet" means NYPD Sergeant Tosares Korchimet (Badge No. 256) from the 061 Precinct.

9. "PO Cucuzza" means Police Officer Giovanni Cucuzza (Badge No. 259) from the 061 Precinct.

10. The "075 Arresting Officer" means the police officer who carried out the arrest of Plaintiff during the 075 incident.

11. The term "*An v. City of New York*" refers to the case *Ruben An v. City of New York*, 16-cv-5381 (S.D.N.Y.)

12. The term "Trespass Policy" refers to the NYPD's policy of arresting individuals for trespassing when they record police officers within the publicly accessible areas of NYPD facilities, first set forth in the settlement agreement in *An v. City of New York*, then codified in the NYPD Patrol Guide 203-29 in June 2018, and subsequently in the NYPD Administrative Guide Procedures 304-21 issued in June 2021.

The term "August 2018 Memo" refers to the memo circulated on or about August 15, 2018 regarding recording in precincts that member of the NYPD discussed with the press prior to the publication of an August 21, 2018 article entitled "Video of Man Berating Officer Opens Debate

Over Recording in Police Stations," in the New York Times, available here: https://www.nytimes.com/2018/08/21/nyregion/recording-in-police-stations-new-york.html.

13. The term "No Recording Signs" refers to the signs posted by NYPD in nearly every precinct, which read: MEMBERS OF THE PUBLIC ARE PROHIBITED FROM AUDIO OR VIDEO RECORDING OR PHOTOGRAPHING THIS FACILITY.

14. "First Amendment Right to Record" refers to the constitutional right under the First Amendment to film, photograph, videotape, or otherwise record officers performing their official duties in public places.

15. The "NYC Right to Record Act" refers to the New York City law, passed on June 18, 2020 codified at § 14-189 of the New York City Administrative Code.

16. The "NYS Right to Record Act" refers to the New York State Right to Record Act, codified at New York Civil Rights Law § 79-P.

17. The term "Public Window" refers to any portion of a precinct where a member of the public may interact with a member of the NYPD without passing through a security barrier, whether that location is a desk, window, opening, or other location.

## Interrogatories

**Interrogatory No. 1:** Identify any NYPD policy in effect prior to May 1, 2018 relating to officer response to members of the public recording police activity within the publicly accessible areas of NYPD facilities, such as precinct lobbies.

**Interrogatory No. 2:** Identify the person or persons responsible for the development, creation, and drafting of the Trespass Policy in 2018.

**Interrogatory No. 3:** Identify the person or persons responsible for reviewing and approving the Trespass Policy in 2018.

**Interrogatory No. 4:** Identify any person or persons with knowledge of the NYPD's purpose in enacting the Trespass Policy in 2018.

**Interrogatory No. 5:** Identify the person or persons responsible for implementing the Trespass Policy in June 2018.

**Interrogatory No. 6:** Identify the person or persons responsible for the drafting of August 2018 Memo.

**Interrogatory No. 7:** State the dates and provide descriptions of any trainings provided to NYPD officers regarding the Trespass Policy.

**Interrogatory No. 8:** State the date and provide descriptions of any trainings provided to officers regarding the August 2018 Memo.

**Interrogatory No. 9** Identify the person or persons responsible for the development, creation, and ordering of the No Recording Signs.

**Interrogatory No. 10:** Identify the vendor who printed the No Recording Signs.

**Interrogatory No. 11:** State the total dollar amount that the NYPD has spent on developing, designing, manufacturing, distributing, and posting the No Recording Signs, including but not limited to the value of all NYPD officer time devoted to the above tasks and actual payments to vendors.

**Interrogatory No. 12:** Identify each and every NYPD facility in which the No Recording Signs have been posted and where in each facility the signs are posted.

**Interrogatory No. 13:** Identify the person or persons responsible for reviewing and revising the Trespass Policy, since June 2018 to the present.

**Interrogatory No. 14:** State the date and provide descriptions of any trainings provided to officers regarding the right to record police officers, including but not limited to training relating to

First Amendment Right to Record, the NYS Right to Record Act and/or the NYC Right to Record Act.

**Interrogatory No. 15:** Identify each officer who has been investigated and/or received disciplinary action for interfering with the right to record police officers, including but not limited to training relating to First Amendment Right to Record, the NYS Right to Record Act and/or the NYC Right to Record Act.

**Interrogatory No. 16:** State the number of persons who have been arrested pursuant to the Trespass Policy since June 1, 2018 and for each arrest provide the date, the location of the arrest, and all charges in the arrest report.

**Interrogatory No. 17:** State the number of arrests for criminal trespass, at each NYPD facility, for each year of the Relevant Time Period.

**Interrogatory No. 18:** Identify the 075 Arresting Officer, including name, title and badge number.

**Interrogatory No. 19:** Identify each and every type of document that can be generated by an encounter between the NYPD and a civilian at the Public Window of an NYPD precinct.

**Interrogatory No. 20:** State the number of people who have sought to become confidential informants for the NYPD by first approaching the NYPD at the Public Window of the 061 since June 1, 2018.

**Interrogatory No. 21:** State the number of people who have sought to become confidential informants for the NYPD by first approaching the NYPD at the Public Window of the 075 since June 1, 2018.

**Interrogatory No. 22:** State the number of sex crimes with child victims that were initially reported at the Public Window of the 061 since June 1, 2018.

**Interrogatory No. 23:** State the number of sex crimes with child victims that were initially reported at the Public Window of the 075 since June 1, 2018.

**Interrogatory No. 24:** Identify the NYPD employee responsible for determining whether a policy change requires engaging in the rulemaking process set forth in the Citywide Administrative Procedure Act ("CAPA").

Dated: February 15, 2024

        PLAINTIFF SEANPAUL REYES
        By:  /s/ *Andrew Case*
        Andrew Case
        Meena Roldán Oberdick
        LatinoJustice PRLDEF
        475 Riverside Drive #1901
        New York, NY 10115
        (212) 790-7506
        acase@latinojustice.org
        moberdick@latinojustice.org

        *Counsel for Plaintiff*

**CERTIFICATE OF DELIVERY**

I hereby certify that on February 15, 2024, a copy of the above Plaintiffs' First Set of Interrogatories to Defendant The City of New York was sent by electronic mail to all counsel of record for the Defendant.

          /s/ Meena Roldan Oberdick
          Meena Roldán Oberdick
          LatinoJustice PRLDEF
          475 Riverside Drive #1901
          New York, NY 10115
          (212) 256-1910
          moberdick@latinojustice.org

          *Counsel for Plaintiff*