**In the United States District Court**
**For the Southern District of New York**

SeanPaul Reyes
*Plaintiff*

v.

The City of New York,
*Defendant*

Case No. 23-cv-6369

# PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION TO DEFENDANT THE CITY OF NEW YORK

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, Plaintiff, through undersigned counsel, propounds Plaintiff's First Set of Requests for Admission to Defendant The City of New York (the "Requests") and requests that the Defendant answer each separately and fully in writing under oath within thirty (30) days of the service of this document pursuant to Rule 36 of the Federal Rules of Civil Procedure. Defendant's response is to be made to all counsel of record for Plaintiff by electronic mail within 30 days of the service of this document pursuant to Rule 36 of the Federal Rules of Civil Procedure.

## Instructions

Unless otherwise stated in a specific request, the Requests apply from July 6, 2016 (the date of the filing of the Complaint in *An v. City of New York*) and are ongoing (the "Relevant Period").

## Definitions

1. All terms used in these requests shall have the broadest meaning accorded to them under the Federal Rules of Civil Procedure.

2. The terms "communication," "document," "identify," "parties," "person," and "concerning" shall use the definitions set forth in Local Rule 26.3(c).

3. The rules of construction for singular and plural forms and for the terms "all," "any," "each," "and," and "or," shall comply with Local Rule 26.3(d).

4. The term "including," as used herein, shall mean "including without limitation" and "including, but not limited to."

5. "NYPD" means the New York City Police Department as a department of Defendant City of New York not as a separate legal entity.

6. The "061" or "061 Precinct" refers to the NYPD's Sixty-First Precinct located at 2575 Coney Island Avenue, Brooklyn, NY. The "061 Incident" refers to Plaintiff's arrest for recording at the 061 Precinct on April 4, 2023.

7. The "075" or "075 Precinct" refers to the NYPD's Seventy-Fifth Precinct located at 1000 Sutter Avenue, Brooklyn, NY. The "075 Incident" refers to Plaintiff's arrest for recording at the 075 Precinct on June 1, 2023.

8. "Sgt. Korchimet" means NYPD Sergeant Tosares Korchimet (Badge No. 256) from the 061 Precinct.

9. "PO Cucuzza" means Police Officer Giovanni Cucuzza (Badge No. 259) from the 061 Precinct.

10. The "075 Arresting Officer" means the police officer who carried out the arrest of Plaintiff during the 075 incident.

11. The term "*An v. City of New York*" refers to the case *Ruben An v. City of New York*, 16-cv-5381 (S.D.N.Y.)

12. The term "Trespass Policy" refers to the NYPD's policy of arresting individuals for trespassing when they record police officers within the publicly accessible areas of NYPD facilities, first set forth in the settlement agreement in *An v. City of New York*, then codified in the NYPD Patrol Guide 203-29 in June 2018, and subsequently in the NYPD Administrative Guide Procedures 304-21 issued in June 2021.

13. The term "No Recording Signs" refers to the signs posted by NYPD in nearly every precinct, which read: MEMBERS OF THE PUBLIC ARE PROHIBITED FROM AUDIO OR VIDEO RECORDING OR PHOTOGRAPHING THIS FACILITY.

14. "First Amendment Right to Record" refers to the constitutional right under the First Amendment to film, photograph, videotape, or otherwise record officers performing their official duties in public places.

15. The "NYC Right to Record Act" refers to the New York City law, passed on June 18, 2020 codified at § 14-189 of the New York City Administrative Code.

16. The "NYS Right to Record Act" refers to the New York State Right to Record Act, codified at New York Civil Rights Law § 79-P.

17. The term "Public Window" refers to any portion of a precinct where a member of the public may interact with a member of the NYPD without passing through a security barrier, whether that location is a desk, window, opening, or other location.

### Requests for Admission

**Request for Admission No. 1:** Admit that prior to the issuance of PG 203-29, in or about June 2018, NYPD had no written policy regarding how to address members of the public recording in the publicly-accessible lobbies of NYPD Precincts.

**Request for Admission No. 2:** Admit that the NYPD did not undergo the rulemaking process as set forth in the Citywide Administrative Procedure Act (CAPA) when it first issued PG 203-29.

**Request for Admission No. 3:** Admit that the NYPD did not undergo the rulemaking process as set forth in the Citywide Administrative Procedure Act (CAPA) when it first issued Administrative Guide Procedure 304-21 in or about June 2021.

**Request for Admission No. 4:** Admit that the term "NYPD Facilities" in the Trespass Policy includes the publicly-accessible lobbies of NYPD Precincts.

**Request for Admission No. 5:** Admit that the Trespass Policy is a blanket prohibition on recording inside NYPD facilities.

**Request for Admission No. 6:** Admit that the Trespass Policy contains no exceptions.

**Request for Admission No. 7:** Admit that no person approached the Public Window of the 061 Precinct during calendar year 2023 seeking to become a confidential informant.

**Request for Admission No. 8:** Admit that no person approached the Public Window of the 075 Precinct during calendar year 2023 seeking to become a confidential informant.

**Request for Admission No. 9:** Admit that no person approached the Public Window of the 061 Precinct during calendar year 2023 seeking to make the first report of a sex crime with a child victim.

**Request for Admission No. 10:** Admit that no person approached the Public Window of the 075 Precinct during calendar year 2023 seeking to make the first report of a sex crime with a child victim.

**Request for Admission No. 11:**  Admit that the NYPD had knowledge of the CCRB Report entitled "New York City Civilian Complaint Review Board, Worth a Thousand Words, Examining Officer Interference with Civilian Recording" published in June 2017.

**Request for Admission No. 12:** Admit that no changes were made to any NYPD policy or procedure in response to the CCRB Report of June 2017.

**Request for Admission No. 13:** Admit that the NYPD had knowledge of the passing of the NYC Right to Record Act, currently codified as § 14-189 of the New York City Administrative Code, on or before December 31, 2020.

**Request for Admission No. 14:** Admit that the NYPD had knowledge of the passing of the NYS Right to Record Act, currently codified as N.Y. Civ. Rights Law § 79-p, on or before December 31, 2020.

**Request for Admission No. 15:** Admit that the NYPD did not make any modifications to the Trespass Policy in response to the passage of the NYC Right to Record Act.

**Request for Admission No. 16:** Admit that the NYPD did not make any modifications to the Trespass Policy in response to the passage of the NYS Right to Record Act.

**Request for Admission No. 17:** Admit that Plaintiff was arrested during the 061 Incident pursuant to the Trespass Policy.

**Request for Admission No. 18:** Admit that Plaintiff was arrested during the 075 Incident pursuant to the Trespass Policy.

**Request for Admission No. 19:** Admit that on or before August 15, 2018, NYPD was aware of a video recorded inside the 28th Precinct on or about August 13, 2018, in which a civilian documented an encounter with Sergeant Freddy Lopez.

**Request for Admission No. 20:** Admit that the civilian who recorded the video referenced in RFA 19 was not arrested during that incident.

**Request for Admission No. 21:** Admit that no disciplinary action was taken against any officer for violation of the First Amendment Right to Record, the NYS Right to Record Act or the NYC Right to Record Act, in relation to the 061 Incident.

**Request for Admission No. 22:** Admit that NYPD circulated a memo regarding on or around August 15, 2018 that stated officers may arrest those who are recording in precinct lobbies and refuse to leave after being told that recording is not permitted (the "Trespass Memo").

**Request for Admission No. 23:** Admit that the Trespass Memo was issued in response to the August 13, 2018 incident described in RFA 19.

**Request for Admission No. 24:** Admit that the Police Commissioner sets official policy for the NYPD.

Dated: February 15, 2024

                                                PLAINTIFF SEANPAUL REYES
By:  /s/ *Andrew Case*
Andrew Case
Meena Roldán Oberdick
LatinoJustice PRLDEF
475 Riverside Drive #1901
New York, NY 10115
(212) 790-7506
acase@latinojustice.org
moberdick@latinojustice.org

*Counsel for Plaintiff*

**CERTIFICATE OF DELIVERY**

      I hereby certify that on February 15, 2024, a copy of the above Plaintiffs' First Set of Requests for Admission to Defendant The City of New York was sent by electronic mail to all counsel of record for the Defendant.

      /s/ Meena Roldan Oberdick
Meena Roldán Oberdick
LatinoJustice PRLDEF
475 Riverside Drive #1901
New York, NY 10115
(212) 256-1910
moberdick@latinojustice.org

*Counsel for Plaintiff*