


**THE CITY OF NEW YORK**

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**MARK D. ZUCKERMAN**
Senior Counsel
E-mail: mzuckerm@law.nyc.gov
Phone: (212) 356-3519
Fax: (212) 788-9776

March 15, 2024

**VIA ECF**
The Honorable Jessica G.L. Clarke
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

        Re:  <u>SeanPaul Reyes v. The City of New York</u>, 23 Civ. 6369 (JGLC)

Your Honor:

        I am a Senior Counsel in the office of the Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, representing defendant City of New York in the above referenced matter.  We write on an emergency basis to respectfully request relief with respect to the preliminary injunction that the Court entered on November 2, 2023.

        As the Court is aware, the Court entered a preliminary injunction herein in favor of plaintiff on his State Right to Record and City Right to Record Act claims.  <u>Reyes v. City of New York</u>, 23 Civ. 6369 (JGLC), 2023 U.S. Dist. LEXIS 196602 (S.D.N.Y. Nov. 2, 2023).  More specifically, the Court ruled that the City "is enjoined from enforcing the Procedure in NYPD police lobbies except to the extent consistent with the New York State and City Right to Record Acts."  <u>Id.</u>, at *39.  The City thereafter filed a notice of interlocutory appeal as to the Court's preliminary injunction order.  The City also moved for a stay of the Court's preliminary injunction order, which was granted by the Second Circuit on a temporary basis pending review by a three judge panel.  <u>See</u> Docket 42.

        A three judge panel of the Second Circuit held oral argument on March 12, 2024, on the City's motion, and today ruled as follows:  "MOTION ORDER, granting motion for stay of preliminary injunction, except to the extent the preliminary injunction applies to Appellee, for whom the preliminary injunction will stay in effect pending further order of this Court,…" (Exhibit A hereto).

        Thereafter, plaintiff's counsel indicated that plaintiff will continue his recording activities in NYPD police precinct lobbies on Sunday, March 17, 2024, after 12:40 p.m., and

which will continue to proceed thereafter (Exhibit A hereto)  Plaintiff refuses to inform the NYPD which precinct he will go to in order to record.  Thereafter, we requested of plaintiff's counsel that plaintiff show identification at whatever precinct he does decide to go to in light of the Second Circuit's decision that only plaintiff, and no one else, may record in NYPD police precinct lobbies at this time.[1]  Although plaintiff's counsel originally agreed to our request, a few minutes later, plaintiff's counsel informed us that plaintiff would not agree to present photo identification when he records, but rather that he would only provide "proof" such as other You Tube videos that he has recorded in the past.  Plaintiff has also taken the position that he is well known to the NYPD (of which there is truly no evidence), so in reality no identification is really necessary at all.

Plaintiff's refusal to show photo identification leaves the NYPD without any ability to definitively determine who is recording in its lobbies.  The Second Circuit's decision of today may well lead to other persons trying to record in NYPD police precincts.  The only way for the NYPD to definitively determine if it is plaintiff who will be recording, or someone else, is for plaintiff to show a photo identification when he enters a police precinct to record.  As such, we respectfully request that the Court, before plaintiff records at 12:40 p.m. on Sunday or thereafter (see Exhibit A hereto), to require him to show photo identification at any precinct he decides to record at while the Court of Appeals' decision of earlier today is in effect.

Thank you for your consideration herein.

Respectfully submitted,

/s/ Mark D. Zuckerman
Mark D. Zuckerman

cc:   All counsel (via ECF)

Application GRANTED. After considering the parties' positions, the Court agrees that providing photo identification is a reasonable solution to allow the parties to comply with the Second Circuit's decision to allow only Mr. Reyes to record in police precincts.

Dated: March 17, 2024
       New York, New York

SO ORDERED.

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Court

---

[1] Both parties previously expressed concerns about the logistics of identifying Reyes if the injunction were narrowed to a single individual. See Oral Arg. in Reyes v. City of N.Y., Case No. 23-7640 (2d Cir.), at 5:50 (Attorney for Appellant: "Not every officer in the City will be able to recognize Reyes…."), 15:08 (Attorney for Appellee: "We think there are also prudential concerns there in terms of identifying [Reyes]….").