UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X

SEANPAUL REYES,

                Plaintiff,

    -against-

THE CITY OF NEW YORK,

                Defendant.

------------------------------------------------------------------X

**ANSWER OF DEFENDANT CITY OF NEW YORK TO AMENDED COMPLAINT**

23 Civ. 6369 (JGLC)

       Defendant City of New York, by its attorney, Muriel Goode-Trufant, Acting Corporation Counsel of the City of New York, for its answer to plaintiffs' Amended Complaint (the "Complaint"), respectfully alleges, upon information and belief, as follows:

       1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "1" of the Complaint.

       2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "2" of the Complaint.

       3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "3" of the Complaint, except admits only that plaintiff purports to bring this action and assert claims as stated therein.

       4. Denies the allegations set forth in paragraph "4" of the Complaint.

       5. Denies the allegations set forth in paragraph "5" of the Complaint.

       6. Denies the allegations set forth in paragraph "6" of the Complaint.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the Complaint, except admits only that plaintiff purports to bring this action and assert claims as stated therein.

8. Denies the allegations set forth in paragraph "8" of the Complaint, except admits only that plaintiff purports to bring this action, assert claims and invoke the Court's jurisdiction as stated therein.

9. Denies the allegations set forth in paragraph "9" of the Complaint.

10. Denies the allegations set forth in paragraph "10" of the Complaint, except admits only that plaintiff purports to lay venue as stated therein.

11. Paragraph "11" of the Complaint is not an averment of fact, but rather a legal conclusion, to which no response is required.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the Complaint.

13. Deny the allegations set forth in paragraph "13" of the Complaint, except admit only that the City of New York is a municipal corporation that maintains the NYPD and respectfully refers the court to the New York City Charter and the Administrative Code for a recitation of the relationship between defendant City and the NYPD. The remainder of the allegations set forth in paragraph "13" of the Complaint are not averments of fact, but rather are legal conclusions, to which no response is required.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the Complaint.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the Complaint.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the Complaint.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the Complaint.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the Complaint.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the Complaint.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the Complaint.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the Complaint.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the Complaint.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the Complaint.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the Complaint.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the Complaint.

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the Complaint.

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the Complaint.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the Complaint.

29. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the Complaint.

30. Denies the allegations set forth in paragraph "30" of the Complaint.

31. Denies the allegations set forth in paragraph "31" of the Complaint.

32. Denies the allegations set forth in paragraph "32" of the Complaint.

33. Denies the allegations set forth in paragraph "33" of the Complaint, except admits only that Ruben An purported to assert claims against the City of New York.

34. Denies the allegations set forth in paragraph "34" of the Complaint, except admits only that the referenced lawsuit was settled and the terms of the settlement speak for themselves.

35. Denies the allegations set forth in paragraph "35" of the Complaint, except admits only that the referenced patrol guide provision speaks for itself.

36. Denies the allegations set forth in paragraph "36" of the Complaint, except admits only that the referenced patrol guide provision speaks for itself.

37. Denies the allegations set forth in paragraph "37" of the Complaint.

38. Denies the allegations set forth in paragraph "38" of the Complaint.

39. Denies the allegations set forth in paragraph "39" of the Complaint.

40. Denies the allegations set forth in paragraph "40" of the Complaint, except admits only that the NYPD has posted signs in precinct stationhouses.

41. Denies the allegations set forth in paragraph "41" of the Complaint.

42. Admits, and CAPA procedures were not required.

43. Denies the allegations set forth in paragraph "43" of the Complaint.

44. Denies the allegations set forth in paragraph "44" of the Complaint.

45. Denies the allegations set forth in paragraph "45" of the Complaint.

46. Denies the allegations set forth in paragraph "46" of the Complaint, except admits only that the New York City Council passed a "Right to Record Act" which became law.

47. Denies the allegations set forth in paragraph "47" of the Complaint.

48. Paragraph "48" of the Complaint is not an averment of fact, but rather a legal conclusion, to which no response is required.

49. Denies the allegations set forth in paragraph "49" of the Complaint.

50. Denies the allegations of paragraph "50" of the Complaint, except admits only that an administrative guide procedure was passed.

51. Denies the allegations set forth in paragraph "51" of the Complaint.

52. Denies the allegations set forth in paragraph "52" of the Complaint, except admits only that the NYPD does make certain recordings, including BWC recordings.

53. Denies the allegations set forth in paragraph "53" of the Complaint.

54. Denies the allegations set forth in paragraph "54" of the Complaint.

55. Denies the allegations set forth in paragraph "55" of the Complaint.

56. Denies the allegations set forth in paragraph "56" of the Complaint.

57. Denies the allegations set forth in paragraph "57" of the Complaint.

58. Denies the allegations set forth in paragraph "58" of the Complaint.

59. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "59" of the Complaint.

60. Denies the allegations set forth in paragraph "60" of the Complaint.

61. Denies the allegations set forth in paragraph "61" of the Complaint.

62. Denies the allegations set forth in paragraph "62" of the Complaint, except admits only that plaintiff recorded.

63. Denies the allegations set forth in paragraph "63" of the Complaint.

64. Denies the allegations set forth in paragraph "64" of the Complaint.

65. Denies the allegations set forth in paragraph "65" of the Complaint, except admits only that Sgt. Korchitmet did reference a sign.

66. Denies the allegations set forth in paragraph "66" of the Complaint, except admits only that plaintiff was told to stop recording.

67. Denies the allegations set forth in paragraph "67" of the Complaint.

68. Denies the allegations set forth in paragraph "68" of the Complaint, except admits only that plaintiff was asked to leave.

69. Denies the allegations set forth in paragraph "69" of the Complaint, except admits only that P.O. Cucuzza's statements speak for themselves.

70. Denies the allegations set forth in paragraph "70" of the Complaint, except admits only that plaintiff was told that he would be arrested.

71. Denies the allegations set forth in paragraph "71" of the Complaint, except admits only that that plaintiff asked to speak to Sgt. Korchitmet's supervisor.

72. Denies the allegations set forth in paragraph "72" of the Complaint, except admits only that plaintiff was arrested.

73. Denies the allegations set forth in paragraph "73" of the Complaint, except admits only that plaintiff was arrested.

74. Denies the allegations set forth in paragraph "74" of the Complaint, except admits only that the charges against plaintiff speak for themselves.

75. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "75" of the Complaint.

76. Denies the allegations set forth in paragraph "76" of the Complaint.

77. Denies the allegations set forth in paragraph "77" of the Complaint.

78. Denies the allegations set forth in paragraph "78" of the Complaint.

79. Denies the allegations set forth in paragraph "79" of the Complaint, except admits only that plaintiff was arrested.

80. Denies the allegations set forth in paragraph "80" of the Complaint, except admits only that plaintiff purports to bring this action and assert claims.

81. Denies the allegations set forth in paragraph "81" of the Complaint.

82. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "82" of the Complaint.

83. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "83" of the Complaint.

84. Denies the allegations set forth in paragraph "84" of the Complaint.

85. Denies the allegations set forth in paragraph "85" of the Complaint.

86. Paragraph "86" of the Complaint is not an averment of fact, but rather a legal conclusion, to which no response is required.

87. In response to the allegations set forth in paragraph "87" of the Complaint, defendant repeats and realleges each response set forth in the preceding paragraphs of its answer, as if fully set forth herein.

88. Denies the allegations set forth in paragraph "88" of the Complaint.

89. Denies the allegations set forth in paragraph "89" of the Complaint.

90. Denies the allegations set forth in paragraph "90" of the Complaint.

91. Denies the allegations set forth in paragraph "91" of the Complaint.

92. Denies the allegations set forth in paragraph "92" of the Complaint.

93. Denies the allegations set forth in paragraph "93" of the Complaint.

94. Denies the allegations set forth in paragraph "94" of the Complaint.

95. Denies the allegations set forth in paragraph "95" of the Complaint.

96. Denies the allegations set forth in paragraph "96" of the Complaint.

97. Denies the allegations set forth in paragraph "97" of the Complaint.

98. Denies the allegations set forth in paragraph "98" of the Complaint.

99. Denies the allegations set forth in paragraph "99" of the Complaint.

100. Denies the allegations set forth in paragraph "100" of the Complaint.

101. Denies the allegations set forth in paragraph "101" of the Complaint.

102. Denies the allegations set forth in paragraph "102" of the Complaint.

103. Denies the allegations set forth in paragraph "103" of the Complaint.

104. In response to the allegations set forth in paragraph "104" of the Complaint, defendant repeats and realleges each response set forth in the preceding paragraphs of its answer, as if fully set forth herein.

105. Denies the allegations set forth in paragraph "105" of the Complaint.

106. Denies the allegations set forth in paragraph "106" of the Complaint.

107. Denies the allegations set forth in paragraph "107" of the Complaint.

108. Denies the allegations set forth in paragraph "108" of the Complaint.

109. Paragraph "109" of the Complaint is not an averment of fact, but rather a legal conclusion, to which no response is required.

110. Denies the allegations set forth in paragraph "110" of the Complaint.

111. Denies the allegations set forth in paragraph "111" of the Complaint.

112. As plaintiff's Third Cause of Action has been dismissed, no response to paragraph "112" of the Complaint is required.

113. As plaintiff's Third Cause of Action has been dismissed, no response to paragraph "113" of the Complaint is required.

114. As plaintiff's Third Cause of Action has been dismissed, no response to paragraph "114" of the Complaint is required.

115. As plaintiff's Third Cause of Action has been dismissed, no response to paragraph "115" of the Complaint is required.

116. As plaintiff's Third Cause of Action has been dismissed, no response to paragraph "116" of the Complaint is required.

117. As plaintiff's Third Cause of Action has been dismissed, no response to paragraph "117" of the Complaint is required.

118. As plaintiff's Third Cause of Action has been dismissed, no response to paragraph "118" of the Complaint is required.

119. As plaintiff's Third Cause of Action has been dismissed, no response to paragraph "119" of the Complaint is required.

120. As plaintiff's Third Cause of Action has been dismissed, no response to paragraph "120" of the Complaint is required.

121. In response to the allegations set forth in paragraph "121" of the Complaint, defendant repeats and realleges each response set forth in the preceding paragraphs of its answer, as if fully set forth herein.

122. Paragraph "122" of the Complaint is not an averment of fact, but rather a legal conclusion, to which no response is required.

123. Denies the allegations set forth in paragraph "123" of the Complaint.

124. Denies the allegations set forth in paragraph "124" of the Complaint.

125. In response to the allegations set forth in paragraph "125" of the Complaint, defendant repeats and realleges each response set forth in the preceding paragraphs of its answer, as if fully set forth herein.

126. Denies the allegations set forth in paragraph "126" of the Complaint, except admits only that plaintiff purports to bring this action and assert claims.

127. Denies the allegations set forth in paragraph "127" of the Complaint.

128. Denies the allegations set forth in paragraph "128" of the Complaint.

129. Denies the allegations set forth in paragraph "129" of the Complaint.

130. Denies the allegations set forth in paragraph "130" of the Complaint.

131. In response to the allegations set forth in paragraph "131" of the Complaint, defendant repeats and realleges each response set forth in the preceding paragraphs of its answer, as if fully set forth herein.

132. Denies the allegations set forth in paragraph "132" of the Complaint.

133. Denies the allegations set forth in paragraph "133" of the Complaint.

134. Denies the allegations set forth in paragraph "134" of the Complaint.

135. Denies the allegations set forth in paragraph "135" of the Complaint.

136. Denies the allegations set forth in paragraph "136" of the Complaint.

137. Denies the allegations set forth in paragraph "137" of the Complaint.

138. Denies the allegations set forth in paragraph "138" of the Complaint.

139. Paragraph "139" of the Complaint is not an averment of fact, but rather a legal conclusion, to which no response is required.

140. Denies the allegations set forth in paragraph "140" of the Complaint.

141. Denies the allegations set forth in paragraph "141" of the Complaint.

142. Denies the allegations set forth in paragraph "142" of the Complaint.

143. Denies the allegations set forth in paragraph "143" of the Complaint.

144. Denies the allegations set forth in paragraph "144" of the Complaint.

145. Denies the allegations set forth in paragraph "145" of the Complaint.

146. Denies the allegations set forth in paragraph "146" of the Complaint.

### FIRST AFFIRMATIVE DEFENSE:

147. The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE:

148. Defendant City of New York has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any Act of Congress providing for the protection of civil rights.

### THIRD AFFIRMATIVE DEFENSE:

149. Any injuries alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or the culpable or negligent conduct of non-parties and was not the proximate result of any act of the defendant City.

### FOURTH AFFIRMATIVE DEFENSE

150. There was probable cause for plaintiff's arrests, as well as his detentions and prosecutions.

### FIFTH AFFIRMATIVE DEFENSE

151. At all times relevant to the acts alleged in the complaint, the duties and functions of defendant City's officials entailed the reasonable exercise of proper and lawful discretion and defendant City of New York is, therefore, entitled to governmental immunity from liability.

### SIXTH AFFIRMATIVE DEFENSE:

152. Plaintiff physically interfered with the officers' official functions preceding both of his subject arrests.

**WHEREFORE,** defendant City of New York respectfully requests judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:   New York, New York
         October 15, 2024

                                    MURIEL GOODE-TRUFANT
                                      Acting Corporation Counsel of
                                      the City of New York
                                    *Attorney for Defendant City of New York*
                                    100 Church Street
                                    New York, New York 10007
                                    (212) 356-3519


                            By:     /s/  Mark D. Zuckerman
                                    Mark D. Zuckerman
                                    Senior Counsel