

**MURIEL GOODE-TRUFANT**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**MARK D. ZUCKERMAN**
Senior Counsel
E-mail: mzuckerm@law.nyc.gov
Phone: (212) 356-3519
Fax: (212) 788-9776

April 16, 2025

**VIA ECF**
The Honorable Jessica G.L. Clarke
United States District Judge
Southern District of New York
500 Pearl Street
New York, N.Y. 10007

      Re:  <u>SeanPaul Reyes v. City of New York</u>, 23 Civ. 6369 (JGLC)

Your Honor:

      I am a Senior Counsel in the office of Muriel Goode-Trufant, Corporation Counsel of the City of New York, representing defendant City of New York in the above referenced matter. We write to respectfully request a discovery conference in accordance with the Court's Individual Rules of Practice in connection with a discovery dispute that has arisen.

**Defendant's Position:**

      Plaintiff has noticed two non-party depositions of officers who had involvement in his arrest. The depositions of Det. Giovanni Cucuzza and Sgt. Tosares Korchitmet are scheduled for April 25, 2025 and May 1, 2025, respectively. Plaintiff intends to take the depositions by videoconference and to record the depositions by video using a videographer.

      The City seeks a protective order pursuant to Rule 26(c)(1), Fed. R. Civ. P., namely that the videotapes of the depositions should not be provided to plaintiff, or anyone else (and under seal if submitted to the Court), and should be otherwise kept confidential by plaintiff's counsel. As set forth in plaintiff's amended complaint (Docket 67, ¶¶14-22), plaintiff contends that he has hundreds of thousands of "subscribers," and that he regularly posts videos on You Tube where he goes by the "moniker" "Long Island Audit."

      Following plaintiff's arrest, for a period of 7-10 days, Det. Cucuzza received between 3-4 harassing and threatening phone calls per days on his personal cellphone concerning plaintiff's arrest, which upon information and belief, followed plaintiff's publishing his video of the subject incident online. The phone calls were often from out of state or blocked phone

numbers and some stated to the effect "watch out," "we have your phone number" and "we know where to find you." Det. Cucuzza and Sgt. Korchitmet's command also received similar harassing phone numbers during that period. Even I, upon entering this case, received at least one harassing phone call from an unknown individual on my business phone who would not identify himself.

Based on the foregoing, the City respectfully submits that the requested protective order is necessary and that there is good cause for it. I met and conferred telephonically with plaintiff's counsel Karen Munoz in the afternoon of April 14, 2025 for about 15 minutes (which included a couple of other items, namely the case management order). I came away from the "meet and confer" even more concerned about this issue, as Ms. Munoz told me that the whole purpose of creating these videos of the depositions was for plaintiff to post them online when the case was over as part of being the "Long Island Audit." That is not a legitimate purpose of videotaping these depositions as part of this, or any, case.

The City's position entering the "meet and confer" was that it would not contest plaintiff's notice of videorecorded depositions, but that a protective order as outlined herein should be entered. That is the City's position "post-meet and confer" as well. As seen, the position of plaintiff for rejecting this compromise as stated to me during the "meet and confer" is that the whole purpose of creating these videos is that plaintiff wishes to post them online following the completion of this case[1]. Ms. Munoz did state that she would talk to Mr. Case (who is on vacation) in the evening of April 14, 2025 about the issues I raised during the "meet and confer" concerning the past harassment and whether plaintiff would reconsider his position. I have not yet heard back.

Based on the foregoing, the City respectfully requests that its motion for a protective order be granted and that the parties be directed to submit a protective order for the Court's consideration in accordance with the Court's ruling.

**Plaintiff's Position:**

Defendant's counsel is correct that we conferred telephonically on April 14, 2025. Plaintiff disagrees, however, with defense counsel's assertion that plaintiff's counsel stated the "whole purpose of creating these videos of the depositions was for plaintiff to post them online when the case was over." Plaintiff counsel's recounting of our conference is as follows: very quickly into conferring, Plaintiff's counsel conceded that we do not object to a protective order during the pendency of the case so long as the protective order is lifted at the end of litigation. Defendant objected and asked why such a limitation was important, to which Plaintiff's counsel responded that the end of the litigation would mean there were no additional pending issues, and because public access to information is very important to our client. Defense counsel explained that Det. Cucuzza had received a few threats, and that defense counsel himself had received a

---

[1] Plaintiff's compromise position is that the requested protective order should be entered during the pendency of the case, but lifted when the case is over so that plaintiff as the "Long Island Audit" can post them online. Given what is outlined above, this is simply insufficient.

2

couple odd phone calls. Plaintiff's counsel did state that she would confer with Mr. Case and Plaintiff. For the reasons stated below, we specifically request that the protective order be limited to the pendency of this case.

      This case is not a typical case – this case specifically involves the NYPD's interpretation of the First Amendment, a matter of great public interest. Det. Cucuzza is a public employee whose information and activity, generally, is subject to Freedom of Information Laws. As such, his activity as an officer is subject to public scrutiny regardless of any pending litigation. It should be noted that an important limitation on the First Amendment exists via criminal statutes which allow for the investigation of and prosecution against those who threaten police officers. Det. Cucuzza's safety is well accounted for by the NYPD's authority given such criminal statutes.

      Thank you for your consideration herein.

      Respectfully submitted,

      /s/ Mark D. Zuckerman
      Mark D. Zuckerman
      Senior Counsel

cc:    All Counsel (via ECF)