



**MURIEL GOODE-TRUFANT**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**MARK D. ZUCKERMAN**
Senior Counsel
E-mail: mzuckerm@law.nyc.gov
Phone: (212) 356-3519
Fax: (212) 788-9776

May 9, 2025

**VIA ECF**
The Honorable Jessica G.L. Clarke
United States District Judge
Southern District of New York
500 Pearl Street
New York, N.Y. 10007

        Re:  <u>SeanPaul Reyes v. City of New York</u>, 23 Civ. 6369 (JGLC)

Your Honor:

        I am a Senior Counsel in the office of Muriel Goode-Trufant, Corporation Counsel of the City of New York, representing defendant City of New York in the above referenced matter.  We write to respectfully request a discovery conference in accordance with the Court's Individual Rules of Practice and Order at Docket 129 in connection with a discovery dispute that has arisen.  The parties respectfully refer the Court to the existing confidentiality order that exists in the case at Docket 101, 2(c), as the City contends that its designation of videotaped depositions of NYPD officers squarely falls into that provision.  Alternatively, the City would amend paragraph 2(c) to include "videotaped depositions of NYPD officers" and to keep the present provision 2(c) as a new 2(d), as the City was not specifically aware of this issue when the confidentiality stipulation was negotiated.  The parties respectfully submit that either approach does not change the outcome of their dispute and do not take issue with either approach as may be preferred by the Court should the City's motion be granted.  Counsel for the parties have now conducted two "meet and confers" on the issue and it is clear that there is no common ground for a resolution.

**Defendant's Position:**

        Plaintiff has noticed two non-party depositions of officers who had involvement in his arrest.  The videotaped deposition of Det. Giovanni Cucuzza took place on May 1, 2025.  The deposition of Sgt. Tosares Korchitmet is being rescheduled and a new date for his deposition will be determined shortly.  Plaintiff took the deposition of Det. Cucuzza by videoconference and also intends to record the Sgt. Korchitmet deposition by video using a videographer as well.  The

deposition of Det. Cucuzza was also recorded by stenographic means and defendant will insist that the deposition of Sgt. Korchitmet be recorded by stenographic means as well.

The City seeks a protective order pursuant to Rule 26(c)(1), Fed. R. Civ. P. ("[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression….", namely that the videotapes of the depositions should be kept confidential by plaintiff and his counsel in accordance with the parties' confidentiality stipulation (See Docket 101, ¶¶5, 8 and 10) (or by amendment as set forth above). As set forth in his amended complaint (Docket 67, ¶¶14-22), plaintiff contends that he has hundreds of thousands of "subscribers," and that he regularly posts videos on You Tube where he goes by the "moniker" "Long Island Audit." Plaintiff's unequivocal and only intent in not agreeing to the confidential treatment of the videotaped depositions post-litigation is to be able to profit from them as part of the his business as set forth herein, and there should be absolutely no mistake that this is what his intentions are. His intentions are not in any way related to a litigation purpose and are entirely related to attempting to profit from posting these depositions to paying subscribers.

It is undisputed that following plaintiff's arrest, for a period of 7-10 days, Det. Cucuzza received between 3-4 harassing and threatening phone calls per day on his personal cellphone concerning plaintiff's arrest, which upon information and belief, followed plaintiff's publishing his video of the subject incident online. Plaintiff does not dispute either that these harassing calls came from his subscribers who were riled up following plaintiff's posting of his subject video. The phone calls were often from out of state or blocked phone numbers and some stated to the effect "watch out," "we have your phone number" and "we know where to find you." Det. Cucuzza and Sgt. Korchitmet's command also received similar harassing phone calls during that period. Even I, upon entering this case, received at least one harassing phone call from an unknown individual on my business phone who did not even have the decency to identify himself. Plaintiff has not in any way refuted that all of this occurred.

Judge Kaplan's decision in Paisley Park Enters. v. Uptown Prods., 99 Civ. 1439 (LAK), 54 F. Supp. 2d 347 (S.D.N.Y. 1999), is instructive. "To begin with, it is readily apparent that the defendants intend to use any videotape for purposes unrelated to the litigation as well as for the lawsuit itself." Id., at 348. "Hence, defendants' likely use of any videotape for purposes unrelated to the resolution of the dispute that is the subject of this lawsuit cuts in plaintiffs' favor." Id. "[C]ourts must be vigilant to ensure that their processes are not used improperly for purposes unrelated to their role." Id. "Given the existence of a legitimate litigation purpose for taping the deposition, the Court will permit the videotaping. But the videotape may be used solely for purposes of this litigation." Id. Similar considerations should dictate the outcome here. Even though Det. Cucuzza is not a rock star as was the case in Paisley Park, he is equally deserving of protection given what has already happened the first time plaintiff posted his video for profit. In fact, if anything, Det. Cucuzza and Sgt. Korchitmet are more deserving for protection as they are non-party witnesses only.

Plaintiff's argument as to the "presumption of access" to judicial documents, see Lugosch v. Pyramid Co., 435 F.3d 110 (2d Cir. 2006), should not be credited. First, plaintiff has not pointed to any substantive right which is dependent on the video recorded depositions nor can he. In fact, plaintiff has not set forth any judicial submission which will be dependent on the

2

video recordings of these depositions beyond the most speculative of levels.  For a document to be considered a "judicial document to which a strong presumption of access attaches," it must be "relevant."  Id, at 122 (internal quotation omitted).  Plaintiff has not even made a showing of the relevance of the videotaped depositions as to any judicial submission he contemplates.  In any event, "[a]fter determining the weight of the presumption of access, the court must then 'balance the competing considerations against it.'"  Lugosch, at 120 (citing United States v. Amodeo, 71 F.3d 1044, 1050 (2d Cir. 1995)).  Given what has already occurred the first time that plaintiff posted his video of the underlying incident in this case, the potential harassment of Det. Cucuzza (and possibly Sgt. Korchitmet) is likely to reoccur, and confidentiality is warranted.  Playing the video deposition at trial (and there is no indication that Det. Cucuzza will be unavailable for trial) is not the equivalent of posting the videos online for profit and which, as seen, will likely cause more harassment of the non-party NYPD officers involved in plaintiff's arrest.

Based on the foregoing, the City respectfully submits that the requested protective order is necessary and that there is good cause for it.  I met and conferred telephonically with plaintiff's counsel Karen Muñoz in the afternoon of April 14, 2025 for about 15 minutes (which included a couple of other items, namely the case management order).  I came away from the "meet and confer" even more concerned about this issue, as I am convinced that the whole purpose of creating these videos of the depositions is for plaintiff to post them online for profit when the case is over as part of being the "Long Island Audit."  That is not a legitimate litigation purpose of videotaping these depositions as part of this, or any, case.  I conducted another "meet and confer" pursuant to the most recent court order with Andrew Case in the afternoon of May 6, 2025.  It lasted only 5 minutes as both sides have come to the conclusion that there is no resolution that can be agreed upon as to this issue.

The City's position entering the "meet and confer" was that it would not contest plaintiff's notice of videorecorded depositions, but that a protective order as outlined herein should be entered.  That is the City's position "post-meet and confer" as well[1].  Nor does the City believe that resolution of this issue should await resolution of the entire case.  Confidentiality issues normally are resolved in the discovery phase of a case, not after a case is over.

Based on the foregoing, the City respectfully requests that the video recorded deposition transcripts be afforded confidential treatment under the parties' existing confidentiality stipulation or that the confidentiality stipulation be amended as set forth above.

**Plaintiff's Position:**

Plaintiff is a journalist who documents government transparency and the challenges of fighting for government transparency. His work includes publicizing videos of government officials in the course of their duties. Unlike the international music star who was

---

[1] Plaintiff's compromise position is that the requested protective order should be entered during the pendency of the case, but lifted when the case is over so that plaintiff as the "Long Island Audit" can post them online.  Given what is outlined above, this is simply insufficient.

deposed in *Paisley Park*, Detective Cucuzza is a police officer engaged in official conduct that is the subject of this litigation.[2] This is not a "private dispute." *Paisley Park*, 54 F. Supp. 2d at 349 ("Any number of civil cases involve characteristics that take them out of the category of purely private matters.").

Plaintiff is documenting this litigation, along with others in which he is involved. He has, for example, posted the oral argument of the appeal of the preliminary injunction in this matter online. *See* https://www.youtube.com/watch?v=FZWxqmWQm-M. He documented his recent criminal trial in Connecticut. *See* https://www.youtube.com/playlist?list=PL3rOdLNrXYrp8h79az4XAwQK7aV3iaZru&si=gGlBVBz-bT06XHmF. And he recently posted video of arraignments from a jury box. *See* https://www.youtube.com/watch?v=riGWC4S99Z0. He recognizes that during ongoing proceedings the video of the deposition should not be published but believes upon conclusion of this case, he should be permitted to publish at least some portion of some of the depositions.

Plaintiff respectfully suggests that it is too early in this process to decide whether the depositions should be made public post-litigation, and the Court should wait and see how the depositions are used. "It is not, and should not be, an easy matter to deny the public access to documents that are utilized in judicial proceedings and form part of the basis of judicial decision-making." *Newsday LLC v. Cnty. of Nassau*, 730 F.3d 156, 167 (2d Cir. 2013). The presumption of public access to court documents "exists along a continuum" from the "strongest presumption," which attaches to documents that determine substantive rights to a lower presumption attaching to documents that are merely "passed between the parties in discovery." *Olson v. Major League Baseball*, 29 F.4th 59, 89–90 (2d Cir. 2022). Whether a document determines "substantive rights," and is therefore a judicial document depends, to a great extent, on how it is used in the course of the proceedings. *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, No. 14-MC-2542 (VSB), 2023 WL 196134, at *2 (S.D.N.Y. Jan. 17, 2023) (identifying differing levels of presumption depending on how the documents are used in litigation).

It is simply not yet known how this deposition will be used. If, for example, Detective Cucuzza is not available for trial and it is used in lieu of his testimony, it would unquestionably be a judicial document. *See* Fed. R. Civ. P. 34(a)(4).

Plaintiff therefore proposes that the Court postpone decision on whether to allow the depositions to be posted until the conclusion of this litigation. Plaintiff has proposed this resolution to Defendant, who has rejected it.

Should the Court decide it must resolve this question now, it should presume that the deposition is a judicial record, as it will be if it is introduced at trial. *Application of Nat'l Broad. Co., Inc.*, 635 F.2d 945, 952 (2d Cir. 1980) ("[T]here is a presumption in favor of public inspection and copying of any item entered into evidence at a public session of a trial.") In that

---

[2] Detective Cucuzza is the arresting officer and is only not a party because Plaintiff has not brought any claims for damages.

case, the deposition will be the public courtroom testimony of a public employee providing testimony in a trial about public access to the NYPD. It should be made public.

      Notably, Defendant has not suggested that anything in the deposition is in fact confidential. If the court were to grant Defendant's motion to seal the video recordings, Plaintiff would still be able, for example, to hire actors and make a video of the transcript of the deposition, then post that video online. *See, e.g.*, Brett Weiner, Op-Doc, "What is a Photocopier," *New York Times*, April 27, 2014. https://www.nytimes.com/video/opinion/100000002847155/verbatim-what-is-a-photocopier.html.

      Plaintiff takes allegations of threats and harassment seriously and wants no part in them. Thankfully, as Detective Cucuzza has testified, nothing has come of the phone calls that were made to him when the video was first published. Detective Cucuzza testified that the calls were made to his personal cell phone number, a number that Plaintiff does not have and did not publicize.

      Plaintiff strongly opposes any actions by anyone that is or could be perceived as threatening towards a law enforcement officer or anyone else. He has already agreed that he will not publish any portion of any deposition video during the pendency of this litigation.

      He further would agree that, should he post any portion of any deposition in this action online after that point, he would precede it with a statement that it is improper and illegal to contact any law enforcement officer directly for the purpose of threatening or intimidating them, particularly by personal cell phone.

      Thank you for your consideration herein.

Respectfully submitted,

/s/ Mark D. Zuckerman
Mark D. Zuckerman
Senior Counsel

cc:   All Counsel (via ECF)

The parties are directed to appear for a conference on **May 29, 2025 at 2:30 PM** in Courtroom 11B of the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York. The parties should be prepared to discuss and argue their positions with respect to the above issues.

SO ORDERED.

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge

Dated: May 12, 2025
      New York, New York