1:23-cv-06369-JGLC

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Aug 06 2026

23-7640
*Reyes v. City of New York*

# In the
# United States Court of Appeals
# for the Second Circuit

_____

AUGUST TERM 2024

No. 23-7640

SEANPAUL REYES,
*Plaintiff-Appellee,*

v.

CITY OF NEW YORK,
*Defendant-Appellant.*

_____

On Appeal from the United States District Court
for the Southern District of New York

_____

ARGUED: NOVEMBER 13, 2024

DECIDED: AUGUST 6, 2026

_____

Before: KEARSE, RAGGI, and KAHN, *Circuit Judges*.

_____

On this appeal from the grant of a preliminary injunction in the United States District Court for the Southern District of New York (Clark, *J.*), which prohibits the City of New York from enforcing a policy forbidding video recording inside police facilities, the New

CERTIFIED COPY ISSUED ON 08/06/2026

York Court of Appeals—in response to a question certified by this court—has now ruled that state and city Right to Record laws do not afford a right to video record law enforcement activities inside the publicly accessible lobbies of police stationhouses. *See Reyes v. City of New York*, --- N.E.3d ----, 2026 WL 1790855 (N.Y. 2026). This response means the plaintiff cannot succeed on his claim that the challenged policy violates these laws and, thus, that an injunction was wrongly entered on that basis.

VACATED AND REMANDED.

———————————

CHASE H. MECHANICK (Richard Dearing, Claude S. Platton, *on the brief*) *for* Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, *and* Muriel Good-Trufant, succeeding Acting Corporation Counsel of the City of New York, New York, NY, *for Defendant-Appellant*.

ANDREW CASE (Meena Roldán Oberdick, *on the brief*), LatinoJustice PRLDEF, New York, NY, *for Plaintiff-Appellee*.

Philip Desgranges, Shona Hemmady, The Legal Aid Society, New York, NY, *for Amicus Curiae* The Legal Aid Society, *in support of Plaintiff-Appellee*.

———————————

REENA RAGGI, *Circuit Judge*:

Plaintiff SeanPaul Reyes sued defendant City of New York ("City") in the United States District Court for the Southern District of New York (Jessica G. L. Clarke, *Judge*) challenging that part of a City Police Department ("NYPD") policy forbidding video recording inside police facilities ("Policy") as violative of rights protected by the First Amendment, *see* U.S. Const., amends. I, XIV; and New York State and City Right to Record Acts ("RTRAs"), *see* N.Y. Civ. Rights Law § 79-p(2); N.Y.C. Admin Code § 14-189(b). On this appeal, the City challenges a preliminary injunction entered on November 2, 2023, in the United States District Court for the Southern District of New York (Jessica G. L. Clarke, *Judge*), that, upon finding it likely that Reyes would succeed on his state and local (but not federal constitutional) claims and would suffer irreparable harm, prohibited enforcement of the challenged Policy and required the removal of any posted signs stating the Policy. *See Reyes v. City of New York*, No. 23-CV-6369 (JGLC), 2023 WL 7212192 (S.D.N.Y. Nov. 2, 2023).

After initial briefing and oral argument, this court concluded that the determinative question on this appeal was one of state law, *i.e.*, whether "either N.Y. Civ. Rights Law § 79-p or N.Y.C. Admin. Code § 14-189 afford individuals such as plaintiff Reyes the right to video record law enforcement activities inside public facilities—specifically, inside the publicly accessible lobbies of police stationhouses—notwithstanding a New York City Police Department policy forbidding any video recording inside its facilities?" *Reyes v.*

3

*City of New York*, 141 F.4th 55, 76 (2d Cir. 2025).[1] Because that question had not yet been addressed by the New York Court of Appeals and because its resolution might implicate value judgments and public policy choices important to New York, we certified the question to the New York Court of Appeals while we reserved decision in this appeal. *See id.* at 75-76.

The New York Court of Appeals accepted our certified question on September 16, 2025. *See Reyes v. City of New York*, 44 N.Y.3d 961, 961 (2025). After hearing further from the parties, that court reformulated the certified question as follows: "Does either N.Y. Civil Rights Law § 79–p or Administrative Code of the City of New York §§ 14–189 afford individuals such as plaintiff Reyes the right to video record law enforcement activities inside the publicly accessible lobbies of police stationhouses?" *Reyes v. City of New York*, --- N.E.3d ----, 2026 WL 1790855, at \*2 (N.Y. 2026). And, in an opinion filed June 23, 2026, it answered that question in the negative. *Id.*

By order dated July 10, 2026, this court invited the parties to submit letter briefs as to the proper disposition of this appeal in light of the New York Court of Appeals' ruling. Specifically, the parties were asked to indicate "whether any resolution of this appeal other than vacatur of the preliminary injunction is warranted." *Reyes v. City of New York*, No. 23-7640, Dkt. 96. In their filings, both parties agreed that the New York Court of Appeals' ruling requires vacatur because

---

[1] We assume familiarity with this opinion and the facts it details, which we do not repeat here.

4

the preliminary injunction was based on an incorrect view of New York law.

Accordingly, we hereby **VACATE** the November 2, 2023 district court order preliminarily enjoining enforcement of the challenged Policy, and we **REMAND** for further proceedings consistent with this opinion. [2]

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

---

[2] Insofar as the parties' letter briefs discuss Reyes's pending constitutional claim or other points not at issue on this appeal, we express no view as to how these might be resolved on remand.